Submitted on briefs January 13, decided January 24, 1911.

## STATE v. CHANDLER.

[112 Pac. 1087.]

CRIMINAL LAW—TRIAL—INSTRUCTIONS—CREDIBILITY OF WITNESSES — NECESSITY.

1. In a prosecution for perjury, the refusal to charge that a witness may be impeached by evidence that he has made statements inconsistent with his present testimony, and, if convinced that any witness had made statements, either orally or in writing, inconsistent with his present testimony, the jury could consider such witness impeached, and might disregard his testimony, except where corroborated, was erroneous, where a letter received in evidence showed that a witness had offered to swear that H. had nothing to do with the burglary, which was inconsistent with his testimony at the trial that defendant, H., and himself had committed it.

CRIMINAL LAW—INSTRUCTIONS—WEIGHT OF EVIDENCE.

2. In an instruction, on a prosecution for perjury, that if the jury find that a witness gave his testimony in the belief that he would receive some reward, or immunity from further punishment, etc., then the jury should receive this testimony with great caution, is objectionable as qualifying the word "caution" by the word "great," thus being on the weight of evidence.

CRIMINAL LAW—CREDIBILITY OF WITNESS—INTEREST—INSTRUCTIONS.

3. Where there is evidence that a witness was induced to become a witness and testify by a promise of immunity from further punishment, or hope held out to him that it would be easier for him in case he implicated some one else in the crime, the jury may consider such facts in determining the weight to be given his testimony thus obtained, and defendant was entitled to have this presented by instructions.

From Union: JOHN W. KNOWLES, Judge.

Statement by MR. JUSTICE MCBRIDE.

The defendant, Orley Chandler, was indicted by the grand jury of Union County for the crime of perjury. On the trial, Frank Parker, an inmate of the State penitentiary, was produced by the State as a witness, and gave evidence material to the prosecution. On cross-examination he was asked the following questions and made the following answers:

"Q. How long have you been serving time down at Salem in the penitentiary?

"A. I have been there ten months—very near it.

"Q. And your term was two years?

"A. Yes.

"Q. You have some hope of being able to lessen that sentence have you?

"A. I don't—much.

"Q. You, I suppose, have been told that if your testimony was satisfactory that something would be done—all that could be done would be done—to get you out, weren't you?

"A.. I haven't been told anything just in them words; no.

"Q. Just in what way were you told?

"A. Well, I wasn't told in any way that I would be helped out. Mr. Ivanhoe told me that. 'all I want from you is the truth, and, if we can do anything, we may do it.'

"Q. And in response to that idea you signified your willingness to come up and go on the witness stand?

"A. Yes.

"Q. And you fully understood the character of truth the district attorney wanted, didn't you?

"A. Yes.

"Q. You knew at the time that he was after Chandler's scalp here, didn't you?

"A. I think so."

The defense introduced without objection the following letter, written by the witness Frank Parker before

his conviction, and while he was in jail, charged jointly with defendant and Roy Halley with the crime of burglary:

"J. P. Halley, City.

"Dear Sir: Although I have plead guilty in these charges of burglary, yet nevertheless, if you desire me as a witness, I will testify that Roy had nothing to do with that transaction in any way.

Frank Parker."

On the trial of defendant in the present action, Parker testified, in substance, that the burglary was committed by defendant, Roy Halley, and himself, acting jointly. The substance of the false statement, charged against defendant in the indictment in the case at bar, was that he had falsely testified, on his trial for the alleged burglary, that he did not participate in the crime.

Defendant's counsel made timely request for the following instructions, all of which were refused, nor was their substance given in any part of the general charge:

"(3) A witness may also be impeached by evidence that he has made, at other times, statements inconsistent with his present testimony; so if you find that any witness in this case made statements, either orally or in writing, inconsistent with his present testimony, you may consider said witness impeached, and be at liberty to disregard his testimony, except in so far as he is corroborated by other credible testimony.    (4) The jury are instructed that, if they find from the evidence that the witness Frank Parker gave his testimony in the belief that he would receive some reward or immunity from further punishment, or that by so doing he would be able to enlist the services of the party for whom he expected the aid in lessening the term for which he was sentenced to serve in the penitentiary of this State, then you should receive his testimony with great caution. (5) As an alternative request for instruction No. 4, if the court shall refuse the same, then we ask the court to give the jury the following in its place: If you believe from the evidence that the witness Frank Parker was

induced to become a witness and testify in this case by any promise of immunity from further punishment, or by any hope held out or entertained by him that it would go easier with him, if any there were, in case he implicated some one else in the crime, then the jury should take such facts into consideration in determining the weight which ought to be given to his testimony thus obtained and given under the influence of such promise or hope."                                        REVERSED.

Submitted on briefs without argument under the proviso of Rule 16 of the Supreme Court, 50 Or. 580 (91 Pac. viii).

For appellant there was a brief over the names of *Messrs. Cochran & Cochran.*

For the State there was a brief over the names of *Mr. Andrew M. Crawford,* Attorney General, and *Mr. Francis S. Ivanhoe,* district attorney.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The failure to give the third instruction was prejudicial error. The letter received in evidence tended to show that the witness Parker had offered to swear that Roy Halley had nothing to do with the burglary, which was inconsistent with his testimony on the trial of the case at bar that defendant, Halley, and himself had committed it. Section 864, L. O. L. It does not appear that the writing was shown to witness while on the stand; but its execution was fully proved, and the State waived this requirement by failing to object on that ground, and, indeed, to object at all.

2. Instruction 4 was technically objectionable on the ground that it used the words "great caution"; the word "great" being a suggestion as to the degree of weight which the jury should attach to evidence of the character indicated. But instruction 5 is not subject to this objection, and is a correct statement of the law.

3. The evidence of Parker on cross-examination showed that he had some hope of receiving leniency if he gave testimony for the State, and that he had been assured that if he "told the truth" something might be done for his benefit. The temptation to a man, under these circumstances, to testify to a state of facts satisfactory to the party calling him, was a matter for the consideration of the jury, as bearing upon his motives in testifying and, therefore, upon the probability of his testimony being false, and defendant was entitled to have this phase of the case called to the attention of the jury by an appropriate instruction.

Other errors are specified, but, after careful investigation, we find them without merit; but for the reasons heretofore given the judgment of the circuit court is reversed, and a new trial ordered.  ·          REVERSED.