Argued April 13, affirmed May 16, 1962

# STATE OF OREGON *v.* BOWERS

371 P. 2d 667

*Neil A. Bennett,* Salem, argued the cause and filed briefs for appellant.

*Gary Gortmaker,* Deputy District Attorney, Salem, argued the cause for respondent. With him on the brief was Hattie Bratzel Kremen, District Attorney, Salem.

Before McALLISTER, Chief Justice, and WARNER, SLOAN and O'CONNELL, Justices.

SLOAN, J.

Defendant was convicted by a jury verdict of burglary not in a dwelling. The three assignments of error concern the testimony of a witness who, defendant claims, was an accomplice to the burglary.

The place burglarized was the office of the Pepsi-Cola Bottling Company in Salem. Some of the items taken were a check protector and a large number of the clearly identifiable blank checks of the company. The witness was a woman who later helped secrete the loot and participated in forging and cashing some of the checks. There is no evidence that the witness had any knowledge of the burglary until after it happened. Prior to the trial of this case, the witness had been charged with and plead guilty to another crime and sentence had been imposed upon her.

The first assignment claims error because the court did not sustain a motion for acquittal at the close of the state's case. The basis of the motion was

that the woman was an accomplice and her testimony was not corroborated. There was no evidence that the woman was an accomplice to the burglary. *State v. Walters,* 1922, 105 Or 662, 209 P 349; 2 Wharton's, Criminal Evidence, (12th Ed., 1955), § 448, 229. But if she were, her testimony was corroborated in several material details. Only the jury could test the truth of the woman's testimony. The court did not err in denying the motion.

■ When the witness was being cross-examined she was asked if she had been indicted for this offense. The court sustained an objection to the question. Error is assigned on the court's ruling. If the witness had been indicted the record thereof would have been readily available and could have been introduced. Defendant argues that even a negative answer would have shown that a failure of the prosecutor to indict was evidence of a preferential treatment of the witness to induce her to testify. For all that appears in the record her participation in the use of the loot of the burglary may have been presented to a grand jury and it had declined to indict. And, as we have indicated, there was no evidence presented in the case, either before or after the question was asked, to show that the witness could or should have been indicted. There was no evidence presented which made the answer to the question material to any issue presented in the case. The court correctly sustained the objection.

■ The last assignment complains of the failure of the court to give a requested instruction. The instruction would have told the jury that if it found the witness was testifying because of any promise of immunity or as a result of any duress then her testimony should be weighed with that consideration in mind.

There was no evidence that she had received any promise of immunity or any hope of benefiting her own situation. Defendant relies on *State v. Chandler*, 1911, 57 Or 561, 112 P 1087. In Chandler the court held it was error to refuse to give a requested instruction containing language similar to the request here. In that case the witness admitted that he had received a promise of some help from the prosecutor and that he knew the prosecutor wanted him to help "scalp" Chandler. Such evidence is non-existent in the instant case. The court gave the usual cautionary instruction that the truth of a witness's testimony was to be weighed by motives and other tests. There was no error.

■ Defendant had a fair trial. His real defense was an alibi. His witnesses testified that defendant was elsewhere engaged at the time when the crime was alleged to have taken place. The jury had the sole responsibility of deciding which of the witnesses to believe. The decision of the jury is beyond recall. The judgment is affirmed.