Argued and submitted May 14, affirmed November 10, 1982,
reconsideration denied January 28,
petition for review denied February 22, 1983 (294 Or 536)

# STATE OF OREGON,
*Respondent,*

*v.*

# JACKIE LEE WATTS,
*Appellant.*

## (No. 10-81-02227, CA A22946)

653 P2d 560

John Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Defendant appeals his conviction for theft in the first degree. ORS 164.055. He contends that the trial court should have granted his motion for acquittal on the ground that the state's case rested solely on the uncorroborated testimony of an accomplice to the crime charged. The issue is whether that witness was an accomplice. We hold that he was not, and we affirm.

Defendant was convicted in a trial to the court on stipulated facts, which, so far as relevant to this appeal, are as follows:

"* * * [T]he victim * * * was at the Lagoon Campground, Siltcoos outlet in Lane County, Oregon on the date mentioned in the indictment, May 25th, 1980; that he had with him there two three wheel dune cycles of a total value of more than $200, and that these items were taken from him on that date.

"The state would also call Witness Michael Watts, who is present in the courtroom, who would say that he had a conversation with his brother, the defendant in this case, Jackie Lee Watts, and that Jackie Lee Watts told him that he had stolen these three wheeled dune cycles from the Siltcoos outlet area in mid 1980; that a month or so after he stole them he traded them to his father John Watts.

"The defendant indicated to his brother Michael that another person was involved. Michael Watts would further testify that he took these dune buggies to his house on North Pioneer Road for a couple of months and he kept them until October of 1980, when he relinquished them to still another brother named Rick Watts.

"These dune buggies were recovered on February 27th, 1981 with the assistance of Michael Watts."

ORS 136.440 provides that a conviction cannot be had on the uncorroborated testimony of "an accomplice," defined as a person who "is criminally liable *for the conduct of the defendant* under ORS 161.155 and 161.165." (Emphasis supplied.) Whether Michael was defendant's accomplice by virtue of his receiving the cycles more than one and one-half months after they were stolen depends on whether Michael could be held criminally liable for defendant's conduct. ORS 161.155 provides, in relevant part:

"A person is criminally liable for the conduct of another person constituting a crime if:

"* * * * *

"(2) With the *intent to promote or facilitate the commission of the crime* he:

"(a) Solicits or commands such other person to commit the crime; or

"(b) Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime; or

"(c) Having a legal duty to prevent the commission of the crime, fails to make an effort he is legally required to make." (Emphasis supplied.)

ORS 161.085(7) provides:

"(7) 'Intentionally' or 'with intent,' when used with respect to a result or to conduct described by a statute defining an offense, means that *a person acts with a conscious objective to cause the result or to engage in the conduct so described.*" (Emphasis supplied.)

Defendant was charged with first degree theft, for which the evidence is that, with the intent to deprive another of property, he took two cycles valued at $200 or more from the victim. ORS 164.015(1); 164.055.[1] That

---

[1] ORS 164.055 provides, in relevant part:

"(1) A person commits the crime of theft in the first degree if, by other than extortion, he commits theft as defined in ORS 164.015; and

"(a) The total value of the property in a single or aggregate transaction is $200 or more."

ORS 164.015 provides:

"A person commits theft when, with intent to deprive another of property or to appropriate property to himself or to a third person, he:

"(1) Takes, appropriates, obtains or withholds such property from an owner thereof; or

"(2) Commits theft of property lost, mislaid or delivered by mistake as provided in ORS 164.065; or

"(3) Commits theft by extortion as provided in ORS 164.075; or

"(4) Commits theft by deception as provided in ORS 164.085; or

"(5) Commits theft by receiving as provided in ORS 164.095."

ORS 164.095 provides:

"(1) A person commits theft by receiving if he receives, retains, conceals or disposes of property of another knowing or having good reason to know that the property was the subject of theft.

"(2) 'Receiving' means acquiring possession, control or title, or lending on the security of the property."

crime was commenced and completed at the Lagoon Camp-ground on May 25; defendant could have been charged and convicted of the theft based on the events that occurred on that day. It is not suggested that Michael solicited, com-manded, participated with or assisted defendant in any way in planning or in taking the cycles or that he had a duty to prevent the theft that he failed to perform. There is, in fact, no suggestion that Michael knew that defendant had planned to take the cycles prior to defendant's doing so. To the contrary, the stipulation indicates that Michael did not learn of the theft until defendant told him about it, appar-ently "a month or so" after the taking.

■    Given those facts, it is clear that Michael's subse-quent receipt of the cycles, in the absence of a prior agreement to receive them, did not aid defendant in taking them; it is also clear that Michael's action was not done with "the intent to promote or facilitate the commission of" defendant's *taking* the cycles. ORS 161.155. That state of the law was clear prior to the enactment of ORS 164.025. *State v. Bowers,* 230 Or 602, 603-04, 371 P2d 667 (1962), held that a person who receives stolen property without knowledge of the wrongful taking until after the taking is not an accomplice to that taking.

Subsequent to *Bowers,* the legislature enacted ORS 164.025,[2] subsection (1) of which provides:

---

[2] ORS 164.025 provides:

"(1) Except for the crime of theft by extortion, conduct denominated theft under ORS 164.015 constitutes a single offense.

"(2) If it is an element of the crime charged that property was taken by extortion, an accusation of theft must so specify. In all other cases an accusation of theft is sufficient if it alleges that the defendant committed theft of property of the nature or value required for the commission of the crime charged without designating the particular way or manner in which the theft was committed.

"(3) Proof that the defendant engaged in conduct constituting theft as defined in ORS 164.015 is sufficient to support any indictment, information or complaint for theft other than one charging theft by extortion. An accusation of theft by extortion must be supported by proof establishing theft by extortion."

Commentary to Proposed Oregon Criminal Code 167 (1972) provides, in relevant part:

"The purpose of this section is to spell out the *procedural* consequences of the consolidation of theft offenses. A *charge of theft is sufficient* without designating the particular theory of the crime, except for theft by extortion which is classified as a Class B felony. * * *" (Emphasis supplied.)

"Except for the crime of theft by extortion, conduct denominated theft under ORS 164.015 constitutes a single offense."

Defendant would have us read that language to mean that all of the ways by which theft may be committed under ORS 164.015 constitute a single offense and, because defendant withheld the property after taking it (and withholding constitutes theft), his theft by taking continued until Michael received the cycles. It follows, according to defendant, that because Michael could have been charged with theft by receiving under ORS 164.015(5), *see* n 1, *supra,* both his and Michael's actions constituted theft, a single offense. He concludes, therefore, that Michael was his accomplice.[3]

That argument misconceives the purpose and effect of both ORS 164.015 and 164.025. It is clear that the purpose of ORS 164.025 is to permit a person to be charged with theft of property without specifying the manner by which the theft was committed, unless the property was taken by extortion, in which case the extortion must be specifically alleged. The various ways by which theft may be committed are set forth in ORS 164.015, and a charging instrument accusing a defendant simply with "theft" is sufficient; proof that defendant engaged in conduct constituting theft as defined in ORS 164.015 is sufficient to support the charge. The statute is procedural; it does not establish, as a matter of substantive criminal law, that theft by taking and theft by receiving constitute a single criminal act. Neither does it alter the substantive law of evidence: ORS 136.440 requires corroboration here only if the witness could be indicted as an accomplice under ORS 161.155.

Defendant attempts to link his criminal conduct on May 25 with Michael's receipt of the property weeks later by arguing that his own "continuing" crime was still in progress when Michael received the property. That argument is equally flawed. The language of ORS 164.015(1) —

---

[3] Defendant's argument on appeal is not entirely clear; he seems to have argued below that Michael's receipt of the property aided defendant by preventing the theft from being discovered. That is not a form of vicarious liability, however. Rather, it is criminal conduct on its own account, namely, hindering prosecution, *see* ORS 162.325, and punishable as a Class C felony.

"Takes, appropriates, obtains or withholds such property from an owner thereof" — does not establish that a theft is committed not merely once, by the discrete act of taking another's property, but is *continuously* committed every minute the thief fails to return it, that is, "withholds" it from the owner. Defendant's interpretation of ORS 164.015(1) would not only negate the statute of limitations for theft by taking, but it would render superfluous the other particular ways by which theft may be committed under subsection (1) and the other subsections of the statute as well. *See* n 1, *supra.* It is true, of course, that when one takes or receives another person's property, he is withholding it from the owner. However, it is apparent that the term "withholds" contemplates situations where a person comes into possession of another's property through means other than by taking, including legal means (such as innocently receiving stolen goods), but refuses or otherwise fails to relinquish the property to the owner when he has a legal obligation to do so.

The confusion here arises because the witness could have been charged for *his own* criminal conduct, characterized as theft by receiving, under the same statute characterizing defendant's conduct as theft. The elements of Michael's "theft," however, are provided in ORS 164.095. The fact that both crimes constitute theft does not make the witness vicariously liable for defendant's criminal conduct.[4] There may be circumstances in which one who receives stolen property is so connected with the original taking that he is an accomplice for purposes of ORS 136.440. *See State v. Hull,* 286 Or 511, 518-19, 595 P2d 1240 (1979). In such circumstances, however, liability would rest on the *factual* nexus between the receiver's conduct and the initial taking, not on any statutory link contended to have been created by ORS 164.025. There is no such factual nexus here.

Affirmed.

---

[4] In *State v. Winslow,* 3 Or App 140, 149, 472 P2d 852 (1970), we held that a person is not an accomplice merely because he can be indicted under the same statute as the defendant; rather he must be indictable for the same criminal act for which the defendant is being tried. We have explained further our reasoning on this question, because ORS 164.025 was enacted subsequent to *Winslow* and because of the trial court's understandable uncertainty on this question as it relates to theft as a single offense.