Submitted on record and briefs April 25, reversed and remanded September 10, 1986

## STATE OF OREGON,
*Appellant,*

*v.*

## RICHARD KIMBALL KNUTSON,
*Respondent.*

(10-85-06142; CA A37626)

725 P2d 407

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and John A. Reuling, Jr., Assistant Attorney General, Salem, filed the brief for appellant.

Gary D. Babcock, Public Defender, and Diane L. Alessi, Deputy Public Defender, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman, and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

The state appeals a pre-trial order that dismissed with prejudice an indictment that charged defendant with theft in the first degree. ORS 138.060(1); ORS 164.055. Defendant moved to dismiss[1] on the ground that the three-year Statute of Limitations, ORS 131.125(2),[2] bars the state from proceeding under this indictment:

> "The above named defendant is accused by the Lane County Grand Jury of the crime of THEFT IN THE FIRST DEGREE, committed as follows: The defendant on or about the 21st day of June, 1985, in the county aforesaid, did unlawfully and knowingly commit theft of a 1980 Mercedes-Benz motor vehicle of the total value of more than two hundred dollars ($200.00), owned by Robert P. Mandariaga; contrary to statute and against the peace and dignity of the state of Oregon.
>
> "Dated this 23rd day of July, 1985, at Eugene, Lane County, Oregon.
>
> "* * * * *
>
> "ORS 164.055
>
> "Class C Felony."

Because the indictment is dated July 23, 1985, and alleges that defendant committed the offense on June 21, 1985, it is not subject to demurrer on the ground that it shows on its face that the Statute of Limitations had run. *See* ORS 135.630; *State v. Kurtz,* 46 Or App 617, 612 P2d 749, *rev den* 289 Or 588 (1980); *State v. Bishop,* 46 Or App 607, 612 P2d 744, *rev den* 289 Or 588 (1980). The parties and the trial court, however, wanted to decide the limitations issue before trial. For the purpose of defendant's motion to dismiss, the parties

---

[1] Before the hearing on the motion to dismiss, defendant filed a "Memorandum in Support of Motion for Judgment of Acquittal," which motion was made orally. Both the parties and the court subsequently referred to the motion as a "motion to dismiss" and decided to dispose of it before trial. Defendant's attorney drafted the eventual order as a dismissal with prejudice rather than a judgment of acquittal.

[2] ORS 131.125(2) provides, in part:

"Except as provided in subsection (3) of this section or as otherwise expressly provided by law, prosecutions for other offenses must be commenced within the following periods of limitations after their commission:

"(a) For any other felony, three years."

The exceptions in ORS 131.125(3) are inapplicable.

stipulated that, in February, 1982, defendant acquired a Mercedes automobile that had been stolen in 1981, in California, that he knew at the time when he acquired it that it was a stolen vehicle and that he kept it hidden in storage until June 21, 1985, when the police found the car in a rented storage locker.

The state argues that defendant's concealment of the car was a continuing crime and that the Statute of Limitations did not commence to run until the last day on which defendant concealed the car with reason to know that it was stolen, that is, until the day that the police found the automobile. The state's argument is well taken.

Although the indictment does not use the word "concealment," it is an element of the crime with which defendant was charged. ORS 164.055 provides:

"(1)   A person commits the crime of theft in the first degree if, by other than extortion, the person commits theft as defined in ORS 164.015; and

"(a)   The total value of the property in a single or aggregate transaction is $200 or more; or

"* * * * *

"(c)   The theft is theft by receiving committed by buying, selling or lending on the security of the property * * *."

ORS 164.015 provides:

"A person commits theft when, with intent to deprive another of property or to appropriate property to the person or to a third person, the person:

"* * * * *

"(5)   Commits theft by receiving as provided in ORS 164.095."

ORS 164.095 provides:

"(1)   A person commits theft by receiving if the person receives, retains, *conceals* or disposes of property of another knowing or having good reason to know that the property was the subject of theft.

"(2)   'Receiving' means acquiring possession, control or title, or lending on the security of the property." (Emphasis supplied.)

It is true that ORS 164.055(1)(c) does not mention

"concealment," but ORS 164.055(1)(a) and (c) are different bases for a theft charge. The indictment alleges theft of a motor vehicle of a total value of more than $200, a violation of ORS 164.055(1)(a), not of ORS 164.055(1)(c); but the element of concealment in ORS 164.095 is incorporated in ORS 164.055(1)(a) through ORS 164.015(5) and ORS 164.095. Concealment can be a continuing act and, therefore, the crime of theft by receiving can be a continuing crime.[3] Under the indictment, the state could show that defendant concealed the vehicle from the owner and maintained control over it within three years of the date of the indictment. The court erred in dismissing the indictment.

Reversed and remanded.

---

[3] Other courts have decided that crimes involving concealment of stolen property are continuing crimes for purposes of the Statute of Limitations. *United States v. Fleetwood,* 489 F Supp 129 (D Or 1980), *disapproved on other grounds, United States v. Wyatt,* 737 F2d 1499 (9th Cir 1984), held that a defendant who violated 18 USC § 641 by concealing and retaining stolen United States Savings Bonds had committed a continuing crime and that, therefore, the Statute of Limitations did not bar prosecution. In *Com. v. Ciesla,* 380 Mass 346, 403 NE2d 381 (1980), involving application of a six-year Statute of Limitations to a statute punishing one "who buys, receives or aids in the concealment of stolen * * * property, knowing it to have been stolen," the Supreme Judicial Court of Massachusetts held:

> "Continuing, purposeful acts in aid of the concealment of stolen property transgress the basic legislative purpose to prevent the continued withholding of possession of the stolen property from its rightful owner. *Commonwealth v. Matheson,* 328 Mass 371, 373-74, 103 NE2d 714 (1952). Acts of actual physical concealment need not be proved. It is enough that the defendants acted purposefully to withhold the property from its rightful owner or to make it more difficult for the owner to discover it. *Id.* See R. Perkins, Criminal Law 324 (2d ed 1969); 2 Anderson, Wharton's Criminal Law & Procedure § 570 (1957 & Supp 1979)." 380 Mass at 349.

*See also People v. Swinney,* 46 Cal App 3d 332, 120 Cal Rptr 148 (1975), *disapproved on other grounds, People v. Zamora,* 18 Cal 3d 538, 134 Cal Rptr 784 (1976); *but see State v. Webb,* 311 So 2d 190 (Fla 1975). Defendant argues that *State v. Watts,* 60 Or App 217, 653 P2d 560 (1982), *rev den* 294 Or 536 (1983), indicates that theft *by receiving* cannot be a continuing crime. To the contrary, in *State v. Watts* we only stated that theft *by taking* is not a continuing crime, even though the thief continues to withhold the property from the owner. Otherwise, we stated that we "would not only negate the statute of limitations for theft by taking, but it would render superfluous the other particular ways by which theft may be committed under [164.015(1)] and the other subsections of the statute as well." 60 Or App at 223. Here we are concerned with theft *by receiving* and not with theft by taking.