Argued and submitted October 14, 1988, reversed January 18, 1989

# STATE OF OREGON,
*Respondent,*

*v.*

# WALTER BAILEY,
*Appellant.*

## (87-01-1449-C; CA A47127)

767 P2d 114

Robert Thuemmel, Portland, argued the cause and filed the brief for appellant.

Leslie Westphal, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Vera Langer, Assistant Attorney General, Salem.

Before Warden, Presiding Judge pro tempore, and Graber and Riggs, Judges.

WARDEN, P. J. pro tempore.

**WARDEN, P. J.** pro tempore.

Defendant appeals his conviction for theft in the first degree. He assigns as error the trial court's denial of his motion for a judgment of acquittal. We reverse.

In early April, 1983, defendant offered to sell a John Deere tractor to Ousley, a Harney County rancher, for $6,500. The tractor had been stolen from a Woodburn dealer in March, 1983. Ousley testified that, by April 7, 1983, he had paid defendant $2,500 and had taken possession of the tractor and that he made a final payment to defendant on November 9, 1983. In March, 1986, police found the stolen tractor on Ousley's property and seized it. In May, 1986, Ousley identified defendant as the seller. The state filed an information in the justice court in Burns on September 29, 1986, charging defendant with theft by receiving by selling and an amended information in the circuit court on February 25, 1987, charging theft by receiving, committed alternatively by selling or by retaining and concealing. A jury found defendant guilty of first degree theft by receiving, by retaining and concealing.[1]

Defendant argues that his prosecution was barred, because it was not commenced within three years after commission of the theft. ORS 131.125(2)(a). He argues that, because he had neither possession nor control over the tractor after April, 1983, the time limitation had run by September, 1986, when the state commenced prosecution. The state argues that theft by retaining and concealing is a continuing

---

[1] ORS 164.055(1)(c) provides:

"A person commits the crime of theft in the first degree if, by other than extortion, the person commits theft as defined in ORS 164.015 and:

"* * * * *

"(c) The theft is theft by receiving committed by buying, selling, borrowing or lending on the security of the property[.]"

ORS 164.095 provides:

"(1) A person commits theft by receiving if the person receives, retains, conceals or disposes of property of another knowing or having good reason to know that the property was the subject of theft.

"(2) 'Receiving' means acquiring possession, control or title, or lending on the security of the property."

The amended information charged defendant with theft by receiving under ORS 164.055 only, but listed "retaining and concealing" as an alternative means of receiving, thus employing the language of ORS 164.095 as well.

crime, and that defendant had a continuing interest in the property until he received the November 9, 1983, payment from Ousley. Under that theory, the state argues, November 9 was the last day on which defendant concealed the stolen property, and the limitation period did not begin to run until then.

We have previously held that theft by receiving can be a continuing crime, because concealment can be a continuing act. *State v. Knutson,* 81 Or App 353, 725 P2d 407 (1986). In *Knutson* we did not, however, address what acts constitute concealment, except to state that the trial court erred in dismissing the indictment because

> "the state could show that defendant concealed the vehicle from the owner and *maintained control over it* within three years of the date of the indictment." 81 Or App at 357. (Emphasis supplied.)

We must determine whether there is evidence from which a jury could find that defendant retained any control over the stolen property within the three years before the September 29, 1986, information.

The state argues, and we agree, that it need not prove physical possession or "actual acts of physical concealment" in order for a jury to find that a defendant maintained sufficient control over stolen property to constitute concealment. *See Com. v. Ciesla,* 380 Mass 346, 403 NE2d 381 (1980), cited with approval in *State v. Knutson, supra,* 81 Or App at 357 n 3. Nonetheless, a defendant must retain some form of interest in or of control over the stolen property. The state has failed to articulate what interest in or control over the tractor defendant had on November 9, 1983. There is no evidence that defendant had a security agreement with Ousley that would have allowed him to repossess the tractor had Ousley failed to make his last payment or that defendant retained any other interest in the tractor. There is nothing to indicate that defendant intended to use or in any way to control the tractor himself after he turned it over to Ousley.

The state contends that Ousley's statement that he would not have felt free to sell the tractor until he had finished paying for it is proof that defendant maintained control. The statement proves only Ousley's state of mind, not defendant's. It does not tend to prove an agreement between the two that

defendant retained some control. Further, we agree with defendant that to hold that his receipt of final payment triggered the Statute of Limitations would render the statute meaningless, because a defendant might never receive a final payment.

We find no evidence that defendant retained any control over the stolen tractor after he relinquished possession of it to Ousley in April, 1983. Therefore, we hold that the trial court erred as a matter of law in denying defendant's motion for a judgment of acquittal, because the offense charged was completed more than three years before the prosecution commenced.

Reversed.