Argued and submitted April 30, reversed June 5, 2002

In the Matter of
David Lee Goss, a Minor Child.

STATE ex rel JUVENILE DEPARTMENT
OF JOSEPHINE COUNTY,
*Respondent,*

*v.*

DAVID LEE GOSS,
*Appellant.*

010020J; A115578

47 P3d 549

George W. Kelly argued the cause and filed the brief for appellant.

Julie A. Smith, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

PER CURIAM

## PER CURIAM

■  Youth appeals from a judgment finding him within the jurisdiction of the juvenile court for having engaged in conduct that, if he were an adult, would constitute the crime of first-degree theft by receiving. ORS 419C.005(1); ORS 164.095(1). He argues that the evidence does not show beyond a reasonable doubt that he committed theft. We review *de novo*, ORS 419A.200(6)(b), and reverse.

Youth's fingerprints were on stolen property that the police found in an apartment where he had spent the night. Youth testified that another person offered to sell the property to him, that he touched it in connection with the offer, but that he refused to purchase the property when he learned that it was stolen. There is no other evidence connecting youth with the theft or exercise of dominion over the property.

■  A person commits theft by receiving if the person "receives, retains, conceals or disposes of property of another knowing or having good reason to know that the property was the subject of theft." ORS 164.095(1). A person who exercises some form of control over stolen property may be guilty of theft by receiving even if the person does not have physical possession of the property. *See State v. Bailey*, 94 Or App 767, 770, 767 P2d 114 (1989). On *de novo* review, we are not persuaded beyond a reasonable doubt that youth exercised control over the stolen property or otherwise received it within the statutory definition. We therefore reverse the finding of jurisdiction.

Reversed.