[Crim. No. 1893. First Appellate District, Division Two.—June 18, 1936.]

THE PEOPLE, Respondent, v. S. H. ILDERTON, Appellant.

Vincent W. Hallinan and William F. Herron for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

NOURSE, J.—Defendant was convicted on an information charging grand theft under section 952 of the Penal Code. He made a motion for a new trial and for probation. The

former motion was denied and the latter is still pending. Defendant appealed from the order denying a new trial and entry of the judgment on the verdict was thereby suspended. He raises four grounds for reversal of the order.

(1) That section 952 is unconstitutional because it does not require a full statement of the particulars of the offense so that the defendant may know whether he is charged with larceny, embezzlement, obtaining money by false pretenses, or with any of the other unlawful means of taking the property of another. The constitutionality of the section has been sustained repeatedly and the question is no longer debatable. (See *People* v. *Robinson,* 107 Cal. App. 211, 217 [290 Pac. 470].)

(2) The restriction of the cross-examination of the witness Johnson was error. The defendant was charged with having defrauded Althea Buck in a real estate transaction. Mrs. Buck did not appear at the trial, but the chief witnesses for the state were her father and mother, Mr. and Mrs. Johnson. On cross-examination Mr. Johnson was asked if he and his wife were not defendants in an action brought by Ilderton for malicious prosecution. The objection was sustained and this was error because the defendant was entitled to show by this cross-examination the witness' interest in a conviction in this case as well as his bias or prejudice against the defendant. (*People* v. *Fleming,* 166 Cal. 357, 365 [136 Pac. 291, Ann. Cas. 1915B, 881]; *People* v. *Pantages,* 212 Cal. 237, 258 [297 Pac. 890].) But the ruling, though error, was not shown to be prejudicial but, to the contrary, an examination of the transcript indicates that no prejudice resulted. The prejudice and bias of this witness against the defendant appears throughout his testimony and the jury could not have been more impressed with that fact if the witness had answered the question objected to.

(3) Appellant complains of the refusal to give the proposed instructions relating to the necessity of proof of the *corpus delicti* and the presumption of innocence. All the matter proposed was covered by instructions given and no error is present here.

(4) The sufficiency of the evidence. The absence of prejudice in the rulings mentioned in the last two paragraphs is emphasized by the conclusiveness of the evidence of· appellant's guilt. Mrs. Buck was purchasing a summer

cabin and lot of land in Tuolumne County on instalments. Her father had paid some of the purchase price and was in part interested in the purchase. When a balance of about $500 remained unpaid the appellant promised them that for $332.63 he would procure a clear deed through his influence with the Governor and other state officials. The money was paid to the appellant, and he appropriated the whole sum to his own use. The property was foreclosed and, when demand was made upon appellant for restitution, the appellant relied upon his "influence" and threatened to "break" counsel for Mrs. Buck. At the trial the appellant did not take the stand and offered no excuse or explanation for his conduct.

No other point merits consideration.

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 3, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 16, 1936.