O’NIELL, Chief Justice.
 

 William C. Smith and Ernest Campanaro, together with two women, Ruby G. Smith and Sally Ann Campanaro, were prosecuted under a bill of information charging them with the crime of theft of $4,000 in cash, the property of one L. L. Honeycutt. The jury found the two men guilty as charged and the women not guilty. Smith was sentenced to serve a term of imprisonment in the penitentiary for ten years and Camp
 
 *900
 
 anaro for a term of seven years. They are appealing from the verdict and sentences.
 

 The defendants - reserved 27 bills of exception. But, in their brief, two of the bills are abandoned and the remaining bills are separated into four groups, each group having reference to a particular or separate complaint. Four of the bills, numbered 1, 2, 4 and 5, have reference to a motion for a bill of particulars. In the motion the defendants asked to be informed in detail of the manner in which the alleged theft was supposed to have been committed, and as to the part supposed to have been played by each of the defendants in the alleged theft. They asked also to be informed of the identity — perhaps meaning the relationship — of the two women to the two men named in the bill of information; and they asked to be informed of the time when and place where the principal events alleged to have occurred did in fact occur and as to whether such acts as .were committed by the two women were committed at the same time, or whether they were committed before or after the alleged acts were committed by the two men. In response to the motion the district attorney filed a bill of particulars, alleging that the four defendants named in the bill of information had entered into a conspiracy to commit the crime of theft from some person in the City of Alexandria, by means of fraudulent conduct and representations; that in pursuance of the conspiracy Smith and Campanaro, pretending to be strangers to each other, engaged in conversation with one L. L. Honeycutt, and through fraudulent practices and representations caused him to withdraw from one of the banks in Alexandria $4,000 in cash, and by false promises of reward or wager, and by sleight of hand tricks, obtained the $4,000 in cash from Honeycutt and committed the theft thereof; that the two women, Ruby G. Smith and Sally Ann Campanaro, counseled with and helped the two men in the commission of the theft and at the time thereof remained in or near automobiles which were used by the four defendants to escape immediately after the commission of the theft; and that Ruby G. Smith did attempt to hide or dispose of the $4,000 which the men had fraudulently obtained from Honeycutt. It was alleged further in the answer to the motion for a bill of particulars that if the defendants in their motion were seeking to ascertain the marital status of the parties the district attorney did not know but had been informed that Ruby G. Smith was the wife of William C. Smith and that Sally Ann Campanaro was the wife of Ernest Campanaro.
 

 The attorneys for the defendants then complained that the answer to their motion for a bill of particulars did not furnish all of the information to which they were entitled. The judge overruled the complaint or objection, and the attorneys reserved Bill of Exception No. 1. Our opinion is that the answer to the motion 'for a bill of particulars was sufficient to inform the defendants of the nature and
 
 *902
 
 cause of the accusation against them. There is no substantial argument to the contrary in the brief for the appellants.
 

 Bill of Exception No. 2 was reserved to the overruling of a so-call plea to the jurisdiction of the court. The plea is based upon the argument that the bill of particulars changed the crime, with which the defendants were charged in the bill of information, from the crime of theft to the crime of conspiracy to commit theft. It is -pointed out in the plea that the crime of theft, being punishable by imprisonment with or without hard labor, according to Article 67 of the Criminal Code, is triable by a jury of 5 members; whereas a criminal conspiracy to commit theft, being only a misdemeanor, according to Article 26 of the Criminal Code, is triable by the judge without a jury. A sufficient answer to this bill of exception is that the answer to the motion for a bill of particulars did not change the crime, of which these defendants were accused, from the crime of theft to the offense of conspiracy to commit theft. The allegation that before committing the theft the four defendants conspired to commit the crime was not an abandonment of the allegation by the district attorney that they did in furtherance of the conspiracy actually commit the crime of theft. In the so-called plea to the jurisdiction of the court the defendants pleaded also that Article 67 of the Criminal Code was unconstitutional in that it purported to denounce two or more separate and distinct crimes. It was decided in the case of State v. Pete, 206 La. 1078, 20 So.2d 368, that Article 67 of the Criminal Code, defining theft so as to include all crimes constituting culpable taking of anything of value of another, without the owner’s consent, including larceny, confidence games, embezzlement, and obtaining money or property by false pretenses, was not unconstitutional on the ground that the statute contained more than one object, or on the ground that it deprived the accused party of his liberty without due process of law, or on the ground that an indictment or a bill of information based upon Article 67 did not charge the accused party with any specific crime. Accordingly, the trial judge in this case was right in overruling the plea that Article 67 of the Criminal Code was unconstitutional.
 

 Bill of Exception No. 4 was reserved tb the overruling of a motion to quash the bill of information. Bill of Exception No. 5 was reserved to the overruling of a supplemental motion to quash the bill of information, or in the alternative to compel the district attorney to elect whether he would prosecute the defendants for larceny, for embezzlement, for obtaining money by false pretenses, for swindling, or for operating a confidence game. In these motions the defendants repeated their plea that Article 67 of the Criminal Code was unconstitutional for including the several crimes of dishonesty under the head of theft. The complaint made in these bills
 
 *904
 
 of exception has been disposed of by our ruling on Bill of Exception No. 2, and by the ruling made in the case cited, State v. Pete, supra.
 

 The next group of bills of exception, as classified in the brief for the appellants, is composed of Bills No. 3, 6,
 
 7, 8, 9, 10, 11, 12,
 
 13, 14, IS, 18, 19, and 20.
 

 Bill of Exception No. 3 was reserved to the overruling of a contention made by the defendants that the district attorney’s answer to a so-called prayer for oyer was insufficient. In this so-called prayer for oyer the defendants averred that they believed that the district attorney intended to offer in evidence against them certain confessions or admissions made by one of- them; hence they asked to have a copy of the alleged confessions or admissions furnished them, or if the alleged confessions or admissions were said to have been made verbally, to have them reduced to writing, and given to the defendants. They asked also to be furnished with a copy of any. and all statements alleged to have been made by any witness. The district attorney, without being ordered to do so, answered the so-called prayer for oyer, and in his answer stated that none of the defendants had made a written confession, but that one of them, Ruby Glenn Smith, had stated orally that at the time when she and the three other defendants were about to be arrested, one of them, William C. Smith, handed to her a certain amount of currency which she concealed upon her person until she was put in jail, after which she threw-away the money through a window of the jail. The district attorney ans.wered further that he was not legally required to furnish any other information sought by the defendants; hence he asked to be relieved from further answering. No substantial reason is given in the brief of the appellants—and we know of no good reason—■ why the answer of the district attorney to the so-called prayer for oyer should not be deemed sufficient.
 

 Bill of Exception No. 6 was reserved to the overruling of a motion for a continuance, filed by Mrs. Smith; and Bill No. 8 was reserved to the overruling of a motion for a severance filed by her. Inasmuch as Mrs. Smith was acquitted these bills of exception need not be considered.
 

 Bill of Exception No.
 
 7
 
 was reserved to the overruling of a motion for a severance, filed by Smith, Campanero, and Sally Ann Campanaro. Inasmuch as Sally Ann Campanaro was acquitted, this bill of exception is of no importance except as far as Smith and Campanaro are concerned. On the trial of the case, when the admission made by Mrs. Smith to the sheriff was offered in evidence, the judge instructed the jury that the statement made by the witness was admissible against her but not against any of the three other defendants. The presumption is that the jury obeyed the instruction and that no harm was done to either of the defendants, Smith and Campanaro, by the introduction of the statement made by Mrs. Smith to the sheriff.
 

 
 *906
 
 Bill of Exception No. 9 was reserved to the overruling of an objection made by the defendants to a p'art of the opening statement made to the jury by the the assistant district attorney. The objection was to the assistant district attorney’s reading Article 24 of the Criminal Code, declaring that all persons concerned in the commission of a crime are principals. The objection was that the article had no application to a case where the defendants were charged with criminal conspiracy to commit theft. A sufficient answer to that is that the defendants in this case were charged with the crime of theft and not merely with criminal conspiracy to commit theft.
 

 Bill of Exception No. 10 was reserved to the overruling of an objection made by the defendants’ attorney when the assistant district attorney, in his opening statement to the jury, declared that, on the evening or in the late afternoon of the day before the commission of the theft, the defendants named Smith registered at a local hotel as Mr. and Mrs. W. C. Stevens and that the defendants named Campanaro registered at the same hotel as Mr. and Mrs. E. Cheraton. The objection to the statement was that, in naming the defendants in the bill of information the district attorney had omitted to say “alias W. C. Stevens,” after Smith’s name, or to say “aljas E. Cheraton,” after Campanaro’s name. Certainly there was no necessity for stating in the bill of information, in order to make the evidence admissible, that Smith’s name was alias Stevens or that Carripanaro’s' name was alias Cheraton.
 

 Bill of exception No. 11 was reserved to the statement made by the assistant district attorney, in his opening statement to the jury, that the defendant Smith when he was about to be arrested handed the $4,000 to Ruby Glenn Smith. The objection was that the assistant district attorney should not state as a fact that Smith handed-the $4,000 to Ruby Glenn Smith without stating that he intended to prove the fact by her admission. The judge properly ruled that the assistant district attorney was not obliged to state at that time how he intended to prove that Smith handed the money to Mrs. Smith. On the trial of the case, when Mrs. Smith’s admission to the sheriff was offered in evidence, the judge instructed the jury that the testimony given by the sheriff was not to be considered as evidence against any one of the defendants except Mrs. Smith. There is no merit in this bill of exception.
 

 Bill of Exception No. 12 was reserved to the overruling of an objection to the statement made by the assistant district attorney in his opening statement to the jury that he intended to prove the admission made by Mrs. Smith that Smith handed her the $4,000 when the four defendants were about to be arrested and that she threw the money out through the window of the jail. The appropriate time for that objection to be made was when the district attorney offered to prove the statement
 
 *908
 
 made by Mrs. Smith. The objection was made at that time and the court instructed the jury that the testimony of the sheriff on that subject was not admissible against anyone of the defendants except Mrs. Smith. The presumption is that the jury obeyed the instruction. Mrs. Smith’s acquittal therefore makes this bill of exception a matter of no importance.
 

 Bill of Exception No. 13 was reserved to' the overruling of an objection made by the defendants’ attorneys to certain testimony given by the sheriff on the trial of the case. The sheriff was asked whether the defendant Smith, while under arrest, in the office of the sheriff, made any statement as to where he stayed, and as to the name under which he registered, on the night before the alleged crime. The sheriff answered.that Smith stated, on the occasion in question, that he and Mrs. Smith stayed at the Bentley Hotel, in Alexandria, registered as Mr. and Mrs. W. C. Stevens,, on the ,night preceding the alleged theft; and that he had registered the names Mr. and Mrs. W. C. Stevens. The objection to the evidence was that the district attorney, in his answer to the defendants’ so-called prayer for oyer, declared that none of the defendants had made any written confession, but that one of them, Ruby C. Smith,' had stated orally that William C. Smith had handed her the $4,000 when it appeared that they were about to be arrested and that she afterwards threw the money away through a window of the jail; that the district attorney did not in his answer to the so-called prayer for oyer intimate that he intended to prove any admission made by William C. Smith. There was no misrepresentation in that respect in the district attorney’s answer to the so-called prayer for oyer. He concluded his answer by stating that he was not required to furnish any other information sought by the defendants in their so-called prayer for oyer. In the opening statement to the jury the assistant district attorney stated that he intended to prove that the defendants named Smith had registered at the Bentley Hotel under the name of Mr. and Mrs. W. C. Stevens and that the defendants named Campanaro had registered at the same hotel and at the same time, as Mr. and Mrs. E. Cheraton. As a matter of fact there was no dispute, on the trial of the case, that Smith registered the names Mr. and Mrs. W. C. Stevens and that Campanaro registered the names Mr. and Mrs. E. Cheraton, and that the two couples occupied the rooms 760 and 761, respectively and checked out of the hotel at the same time, the next morning, that is, on the date of the commission of the theft. A record in the hotel register was produced and offered in evidence to prove those facts, and the employee who kept the records for the hotel verified the facts shown by the hotel register. The ruling of the trial judge, that the testimony of the sheriff concerning Smith’s admission as to the name under which he registered for himself and Mrs. Smith was admissible, was correct.
 

 Bill of Exception No. 14 was reserved to the overruling of an objection to
 
 *910
 
 a question propounded to the sheriff by the district attorney. The question was whether Smith, when he was being questioned in the sheriff’s office soon after his arrest, gave the names of the persons with whom he and Ruby Glenn Smith were traveling at the time of the alleged crime. The sheriff answered that Smith stated that he was traveling with Mr. and Mrs. Campanaro. The objection to the evidence was the same that was urged to the testimony referred to in Bill of Exception No. 13. For the same reason for which we have found no merit in Bill of Exception No. 13, we find none in Bill No. 14.
 

 Bill of Exception No. 15 has reference to testimony offered by the State to verify the hotel record of the registering and checking-out of the defendants in this case.' The testimony was that of a female employee of the hotel. She was asked to examine the record and to state whose names appeared ■ thereon and at what time the parties checked out. The attorneys for the defendants objected on the ground that there was no alias mentioned in the bill of information. The witness was asked if she was one who had kept the records and she answered that she was. She was asked if she made the entries on the sheets which she referred to and she answered that the file clerk had made the entries. The judge then sustained an objection to any further testimony on the part of the witness. The only complaint made in this bill of exception is that the question propounded to the witness was harmful, notwithstanding she was not permitted to answer the question. There is no merit in this bill of exception.
 

 Bills of Exception Nos. 16 and 17 are the bills which have been aba'ndoned in the brief for the appellants.
 

 Bill of Exception No. 18 was reserved to the judge’s sustaining an objection made by the district attorney to a question propounded by the attorneys for the defendants to a witness for the State’ on cross examination. The witness was the chief of police; and his testimony was being taken out of the presence of the jury for the purpose of showing, if the defense could show, that Mrs. Smith was in a nervous or “jittery” condition at the time when she made her statement to the sheriff that the defendant, Smith, handed the $4,000 to her when he saw that they were about to be arrested and.that she threw the money out through the window of the jail. The witness stated and repeated that Mrs. Smith did not appear to be nervous or “jittery” at the time when she made her statement. The attorney for the defendant then asked the witness: “Suppose she had been in a hospital for some disability or disorder several times prior to the time when she was questioned?” It was to that question that the district attorney urged his objection, which was sustained. We doubt that there would be any merit in this bill of exception if Mrs. Smith had not been acquitted; but certainly the bill is without merit when we consider that Mrs. Smith was ac
 
 *912
 
 quitted and that the judge instructed the jury that the proof of the statement made by her soon after her arrest was not to be considered as evidence against anyone of the three other defendants.
 

 Bill of Exception No. 19 was reserved to the overruling of an objection to the testimony of the chief of police, as a witness for the State, with regard to Mrs. Smith’s admission that her husband had handed her the $4,000 when they were about to be arrested and that she after-wards threw the money out through the window of the jail. The objection was that the witness was compelling Mrs. Smith to be a witness against her husband, in violation of Article 461 of the Code of Criminal Procedure, that neither husband nor wife shall be compelled to be a witness against the other in any criminal proceeding. This bill of exception has no merit because Mrs. Smith was acquitted and-because the judge instructed the jury not to consider Mrs. Smith’s statement as evidence against any one of the three other defendants.
 

 Bill of Exception No. 20 has reference to the' testimony given by the sheriff as to the admission made by Mrs. Smith, soon after she was arrested, that her husband handed her the $4,000 when he saw that they were about to be arrested and that she threw the money away through the window of the jail. The objection seems to be that Mrs. Smith was in a nervous condition at the time when she made her statement to the sheriff. Although this bill of exception is not said to he abandoned in the brief for the appellants it is virtually conceded to be without merit, in the statement made by the attorneys who drafted the bill for the appellants, for they state in the bill that the record is not clear as to why the bill was reserved. At any rate we find no merit in this bill of exception.
 

 Bill of Exception No. 21 was reserved to a ruling of the judge sustaining an objection made by the district attorney when the defendants offered in evidence a document purporting to be a copy of a marriage certificate of the marriage of William C. Smith and Ruby Glenn Smith, before a justice of the peace in St. Charles County, Missouri, on June 5, 1941. At the time when the document was offered in evidence the attorneys for the defendants offered also a document purporting to be a copy of the marriage license and marriage certificate of the marriage of Ernest Campanaro to Sally Gallagher Campanaro, in Chicago, ■ on August 6, 1938. The objection of the district attorney was overruled as to the marriage license and marriage certificate of Ernest Campanaro and Sally Gallagher Campanaro. That document therefor was admitted in evidence as proof of their marriage. The objection to the certificate of the marriage of William C. Smith and Ruby Glenn Smith was sustained. The objection was that the document purported to be a copy of the original certificate but was not in fact certified to be a copy. It purports to bear the signature of the justice of
 
 *914
 
 the peace who performed .the marriage ceremony in St.. Charles County, Missouri, hut there was no offering of any evidence to prove the signature of the justice of the peace, or to verify the genuineness of the document offered in evidence. In fact there was no verification at all that the document was either the original marriage certificate or a true copy of the original. Our opinion therefore is that the ruling of the judge sustaining the district attorney’s objection to the introduction of the document in evidence was correct. The photostatic copy of the instrument in the record has the appearance of being genuine and of having been issued by the justice of the peace who performed the ceremony, except that the two lines for the signatures of the witnesses to the ceremony, although headed “Witnesses,” do not bear any name or signature ; nor is the document signed by either Smith or Mrs. Smith. In sustaining the district attorney’s objection the judge said, of the document, “It seems to be written all in the same handwriting.” The judge said also: “I could not accept just that piece of paper.” To these statements made by the judge in the presence of the jury the attorneys for the defendants made the special objection that the judge’s statement was a comment on the evidence and was prejudicial to the defendants. We find no merit in that objection. If the remarks of the judge were objectionable the remedy of the attorneys for the defendants was to have the judge instruct the jury not to pay attention to his statement that the document seemed to be written all in the same handwriting and that he could not accept “just that piece of paper.” As to the exception taken to the judge’s ruling that the document was not admissible in evidence, our opinion is that the ruling would not have been harmful to the defendant Smith, even if it had been an erroneous ruling. There was ample evidence before’the jury — and' the fact was not disputed — that' Mr. and Mrs. Smith were married. There was evidence also before the jury — and the fact was-not disputed — that Mr. and Mrs. Smith had-' registered at the Bentley Hotel as man', and wife, under the name of Mr. and Mrs.W. C. Stevens, and occupied one room,, as man and wife, on the night preceding the-date of the crime. If the document purporting to be a certificate of their having' been married as William C. Smith and Ruby Glenn Smith had been admitted in> evidence, it would have served to prove-' merely that they had registered at the hotel»’ under the false name of Mr. and Mrs. WC. Stevens. The obvious purpose of the defendants, Mr. and Mrs. Smith, in. offering in evidence the document purporting to be their marriage certificate was to avail her' of the defense, which she and Mrs. Carffpanaro set up, of the presumption of the common law that when a wife acts'in the presence of her husband in the commission of a crime she acts under compulsion and is not responsible as a particeps criminis. Whether such a defense is available in Louisiana is left in doubt, according to Article 18-of the Criminal Code and the Comment
 
 *916
 
 accompanying that article. In this instance however Mrs. Smith is not concerned with the ruling of the judge because she was acquitted and is not now before the court.
 

 Bill of Exception No. 22 has reference to a statement made by the assistant district attorney in his argument to the jury. It is said in the bill of exception that his statement to the jury was that Mr. and Mrs. Smith were not married. But the judge, in his per curiam, states that the assistant district attorney did not state to the jury that Mr. and Mrs. Smith were not married but merely mentioned that in his opening .statement he had declared that he did not know whether the parties named William ■ C. Smith and Ruby Glenn Smith were married. In this bill of exception, No. 22; ■ complaint is made also of a statement-alleged to have been made by the assistant district attorney, in- his argument to the" jury, as to the part which Sally Ann Cámpariaro played in the sleight of hand performance by which Honeycutt was deprived -of his $4,000. In the judgeis per ■cúriam -it is said that the district attorney did not make the objectionable statement as a fact but merely argued that the jury was justified in finding from the evidence that Mrs. Campanaro had given to Ernest Campanaro a roll of paper, called Kleenex, which, in the sleight of hand performance by Smith and Campanaro, was substituted for the $4,000 which Honeycutt had in a handkerchief. We accept the judge’s statement as correct. However, either version of what the district attorney stated to the jury as to Mrs. Campanaro’s part in the crime would have been damaging only to Mrs. Campanaro, hence her acquittal deprives this bill of exception of its importance.
 

 Bill of Exception No. 23 was reserved to that part of the judge’s charge to the jury explaining that one who aids or abets another in the commission of a crime is considered a principal. This bill is not argued in the brief for the appellants, the ■reason, obviously, béing that only two of the defendants, the two women, might have had cause to complain of that part of the judge’s charge; hence their acquittal has deprived this bill of exception- of its importance.
 

 Bill of Exception No. 24 was reserved to the refusal of the judge to give the jury certain special charges requested by the attorneys for the defendants. Our opinion is that the judge was right in refusing to read the special charges to the jury. They were very long and argumentative and would have been confusing if they had been read to the jury. The judge’s charge to the jury covered in a condensed and simple form every legal proposition that was contained in the charges requested by the attorneys for the defendants. Besides, the requested charges, for the most part, had reference to the question, of guilt or innocence of Mrs. Smith and Mrs. Campanaro, who were not actually present when the theft was committed by Smith and Campanaro, by means of their sleight of
 
 *918
 
 hand trick. The acquittal of Mrs. Smith and Mrs. Campanaro therefore deprives this hill of exception of its importance so far as most of the requested charges are concerned. It is sufficient, however, to say that so far as the two appellants are concerned, the charge which the judge gave to the jury, and of which a copy is in the record, covers accurately, in a simplified form, every proposition of law stated in the special charges requested by the attorneys for the defendants.
 

 Bill of Exception No. 25 was reserved to the refusal of the judge to grant a request made by the attorneys for the defendants at the time when the verdict was rendered. The request was that the jury return to their room and amend their verdict by stating whether they found the defendants Smith and Campanaro guilty of theft or guilty of a conspiracy to commit theft. This bill of exception is based upon the erroneous theory of counsel for the defendants that the bill of particulars furnished by the district attorney changed the charge made in the bill of information from theft to conspiracy to commit theft. We have pointed out already that the furnishing of the bill of particulars did not effect any such change in the bill of information, which accused the defendants of the crime of theft. The verdict therefore was plain enough — thus: “We, the Jury, find the defendants, William C. Smith and Ernest Campanaro, guilty as charged. We, the Jury, find the defendants, Ruby Glenn Smith and Sally Ann Campanaro, not guilty.”
 

 Bill of Exception No. 26 was reserved to the overruling of a motion for a new trial. The motion was merely a reiteration of the complaints made in the bills of exception already reserved.
 

 Bill of Exception No. 27 was reserved to the overruling of a motion in arrest of judgment. That motion also was merely a reiteration of the complaints which were made in the other bills of exception, all of which we have disposed of.
 

 The conviction and sentences are affirmed.
 

 PONDER, J., absent.