**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Wilford SEEKFORD, Defendant and Appellant.**

**No. 17328.**

Supreme Court of Utah.

Nov. 3, 1981.

W. Andrew Mc Cullough, Orem, for defendant and appellant.

David L. Wilkinson and Craig L. Barlow, Salt Lake City, for plaintiff and respondent.

GOULD, District Judge:

Defendant appeals from his nonjury conviction of theft, a second degree felony.

Defendant rented a car on February 4, 1980, in Utah County, and immediately traveled with friends named Revoir to Price and Cleveland, Utah, and then to Las Vegas, Nevada, arriving in Las Vegas on February 5, 1980. They then traveled to Arizona and then Texas. During the course of their travel, defendant and Cary Revoir had

several discussions regarding the rented car. During one of these conversations, Revoir said, "We ought to take the car back. We could get in trouble over it." Defendant's responses were that he would "handle it." Defendant and Revoirs then were separated, with defendant keeping the car. Revoirs located him a few days later by telephone, and asked if he was going to return the car, to which defendant replied he would "handle it." Defendant then indicated to Michelle Revoir that he had "some friends who could make him some license plates."

The vehicle was located and recovered several months later.

Defendant's attack is that the Utah court was without jurisdiction. U.C.A., 1953, 76–1–201 provides:

(1) A person is subject to prosecution in this state for an offense which he commits, while either within or outside the state, by his own conduct or that of another for which he is legally accountable, if:

(a) The offense is committed either wholly or partly within the state; or

(b) The conduct outside the state constitutes an attempt to commit an offense within the state; or

(c) The conduct outside the state constitutes a conspiracy to commit an offense within the state and an act in furtherance of the conspiracy occurs in the state; or

(d) The conduct within the state constitutes an attempt, solicitation, or conspiracy to commit in another jurisdiction an offense under the laws of both this state and such other jurisdiction.

(2) An offense is committed partly within this state if either the conduct which is an element of the offense, or the result which is such an element, occurs within this state. . . .

The court made no specific written finding that an element of the offense occurred in Utah, but did have the following exchange with counsel:

THE COURT: . . . It may have been that at the time the Rental Agreement was made here, he knew very well he was never going to bring the car back.

MR. SCHUMACHER: But there is no evidence of that before the Court.

THE COURT: I don't know. Maybe there is. Maybe I could infer from what I heard of the entire chain of events, very reasonably, that he had that intent at the time he took it. I think there is stronger evidence along other lines. I think it's something that may be accumulated.

It is clear from this exchange that the court had in mind that the element of "intent" had to have existed in defendant's mind while he was in Utah.

■ Subsequently, the court found defendant guilty. In view of the exchange between the court and counsel as shown above, we must conclude that the court's finding of guilt encompassed a finding that defendant harbored an "intent to deprive the owner of his property" while in the State of Utah. The offense therefore was committed in this state, and the Utah courts have jurisdiction to try defendant for the offense.

■ Defendant also claims error on the part of the trial court in allowing into evidence a telex communication between the Texas Police Department and the Provo Police Department regarding the vehicle identification number. The court allowed the evidence as a business entry exception to the hearsay rule. It is unnecessary for us to determine whether or not this is error, inasmuch as it could not have been prejudicial since it is undisputed that the messages were in connection with and related to the subject vehicle.

■ Defendant next contends that the state charged defendant improperly under the general theft statute when it had available a specific statute covering thefts pursuant to rental agreements. The present Utah theft statute consolidates the offenses known under prior law as larceny, embezzlement, extortion, receiving stolen property, and false pretenses into a single offense entitled "theft." All that is now required is

simply to plead the general offense of theft and the accusation may be supported by evidence that it was committed in any manner specified in 404 through 410 of the Code. See *State v. Taylor*, Utah, 570 P.2d 697 (1977).

The judgment of the trial court is affirmed.

HALL, C. J., HOWE and OAKS, JJ.

STEWART, J., concurs in the result.