493 A.2d 1062

**Dana Eugene JONES**

v.

**STATE of Maryland.**

**No. 40, Sept. Term, 1984.**

Court of Appeals of Maryland.

June 12, 1985.

John L. Kopolow, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Diane G. Goldsmith, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

Opinion by MURPHY, Chief Judge.

This case involves a constitutional challenge to the legal sufficiency of the statutory form of charging document for the crime of theft, as authorized by Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 344(a).

I

By chapter 849 of the Acts of 1978, codified as §§ 340–344 of Art. 27, the General Assembly of Maryland, effective July 1, 1979, consolidated a number of theft-related offenses (not involving force or coercion) into a single newly created statutory offense known as theft. Section 341 specifies that "[c]onduct designated as theft" under the Act's provisions "constitutes a single crime embracing, among others, the separate crimes heretofore known as larceny, larceny by trick, larceny after trust, embezzlement, false pretenses, shoplifting, and receiving stolen property." Section 342 enumerates five different types of criminal conduct as constituting theft under the statute, i.e., (a) obtaining or exerting unauthorized control;[1] (b) obtaining

---

1. Section 342(a) provides that a person commits the offense of theft "when he willfully or knowingly obtains control which is unauthorized or exerts control which is unauthorized over property of the owner, and:
    (1) Has the purpose of depriving the owner of the property; or

control by deception;[2] (c) possession of stolen property;[3] (d) obtaining control of lost, mislaid or mistakenly delivered property;[4] and (e) obtaining services by deception.[5]

    (2) Willfully or knowingly uses, conceals, or abandons the property in such manner as to deprive the owner of the property; or
    (3) Uses, conceals, or abandons the property knowing the use, concealment, or abandonment probably will deprive the owner of the property."

**2.** Section 342(b) provides that a person commits the offense "when he willfully or knowingly uses deception to obtain and does obtain control over property of the owner, and:
    (1) Has the purpose of depriving the owner of the property; or
    (2) Willfully or knowingly uses, conceals, or abandons the property in such manner as to deprive the owner of the property; or
    (3) Uses, conceals, or abandons the property knowing such use, concealment, or abandonment probably will deprive the owner of the property."

**3.** Section 342(c) provides that a person commits the offense of theft "if he possesses stolen personal property knowing that it has been stolen, or believing that it has probably been stolen, and:
    (i) Has the purpose of depriving the owner of the property; or
    (ii) Willfully or knowingly uses, conceals, or abandons the property in such manner as to deprive the owner of the property; or
    (iii) Uses, conceals, or abandons the property knowing such use, concealment, or abandonment probably will deprive the owner of the property."

**4.** Section 342(d) provides that a person commits the offense of theft "when he obtains control over property of another which he knows to have been lost or mislaid, or to have been delivered under a mistake as to the identity of the recipient or nature or amount of the property if he:
    (1) Knows or learns the identity of the owner or knows, or is aware of, or learns of a reasonable method of identifying the owner; and
    (2) Fails to take reasonable measures to restore the property to the owner; and
    (3) Has the purpose of depriving the owner permanently of the use or benefit of the property either when he obtains the property, or at any later time."

**5.** Section 342(e) provides that a person commits the offense of theft "when he obtains the services of another which are available only for compensation by:
    (1) Deception; or
    (2) Knowing that the services are provided without the consent of the person providing them."

Various of the operative terms contained in the Act are defined with specificity in § 340, *e.g.*, "deception," "deprive," "exerts control," "knowingly," "obtain," "owner," "property," and "service." Section 341 provides that the offense of theft "may be proved by evidence that it was committed in any manner that would be theft under this subheading, notwithstanding the specification of a different manner in the information, indictment, warrant, or other charging document, subject only to the power of the court to ensure a fair trial by granting a continuance or other appropriate relief if the conduct of the defense would be prejudiced by lack of fair notice or by surprise." Section 344(a) sets forth an approved form of charging document for the offense of theft; it provides that it shall be "sufficient to use a formula substantially to the following effect:

'that A—B on the ...... day of ........, 19...., in the County (City) aforesaid, did steal (here specifying the property or services stolen) of C—D, having a value of (less than $300 or greater) in violation of Article 27, § 342, of the Annotated Code of Maryland; contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State.' "

The Act was drafted by the General Assembly's Joint Subcommittee on Theft Related Offenses. In its October 1978 Report, the Subcommittee made clear that it was the statute's purpose "to eliminate [the] technical and absurd distinctions that have plagued the larceny related offenses and produced a plethora of special provisions in the criminal law (p. 2)"; that in creating a single offense designated as "theft," it was the legislative purpose "that previously existing larceny-related theft offenses are consolidated into this one offense (p. 29)"; that the consolidation made possible the use of a simplified indictment form, as contained in § 344(a), with the result that "[p]etty distinctions which formerly provided the basis of separate and distinct crimes have been abolished (p. 30)"; that various subsections of § 342 present "set[s] of circumstances" which constitute

the offense of theft (p. 31); that since theft is a single offense "and all aspects of that offense are encompassed in Section 342 ..., only that Section need be cited (p. 57)"; that in view of "the wide diversity of the aspects which are included within the crime of theft, the prosecution will undoubtedly be required to furnish the defendant with a bill of particulars," thereby insuring a fair trial by avoiding prejudice to the defendant due to lack of fair notice or surprise (p. 57).

## II

Appellant Jones was indicted on April 8, 1982 by the Grand Jury for Montgomery County for the crime of theft. In conformity with the statutory form of indictment prescribed by § 344(a), it was alleged that Jones

"on or about August 24, 1981, in Montgomery County, Maryland, unlawfully did steal a watch, rings, silver dollars, and other personal property, of David Weinstein, having the value of Three Hundred Dollars ($300.00) or greater, in violation of Article 27, Section 342 of the Annotated Code of Maryland, contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State."

Jones moved to dismiss the indictment. He claimed that as the State failed to allege the elements of the substantive offense in the indictment, including the requisite specific intent or the applicable subsection of the theft statute, it was fatally defective for failing to apprise him of the specific offense with which he was charged. Jones also demanded a bill of particulars, alleging that theft under § 342 could be committed "in at least five major methods," each of which was separate and distinct, requiring separate and distinct elements of proof. Jones asserted in his demand for particulars that in order for him to properly plead to and defend against the charge, the State must provide particulars indicating the subsection of § 342 under which he was charged, together with the manner in which he was alleged to have committed the crime.

Answering the motion to dismiss, the State claimed that the indictment was in full compliance "with the statutorily required charging language for the crime." Moreover, the State declined to supply the particulars sought by Jones. It asserted that, in effect, Jones was improperly demanding the State's theory of proof and its legal conclusions by requiring that it make an election to prosecute under a specified subsection of § 342; that the facts contained in the indictment were sufficient to permit Jones to properly defend himself and to avoid a second prosecution for the same offense; and that the State had previously provided Jones with full open file discovery.

The Circuit Court for Montgomery County denied the motion to dismiss. The record does not disclose the court's action with regard to the bill of particulars but the parties agree that Jones never received the response which he sought. Jones was convicted of theft by a jury and appealed. The Court of Special Appeals in an unreported opinion, relying upon its earlier decision in *Whitehead v. State*, 54 Md.App. 428, 458 A.2d 905, *cert. denied*, 296 Md. 655 (1983), affirmed the judgment. It reasoned that § 342 specified five different acts through which the crime of theft could be committed; that the effect of charging the offense in the approved language of § 344(a) was to incorporate by reference those elements of the crime which were enumerated in § 342; that there is no requirement that the specific means by which the offense was committed be set forth in the indictment; that Jones was not unaware of which act the State sought to prove, since full discovery had been provided to him; and that Jones had adequate notice through the language of the indictment of the acts that he had allegedly committed. By certiorari petition, which we granted, 299 Md. 492, 474 A.2d 917 (1984), Jones raised a single issue for our review: whether use of the statutory short form indictment for theft prescribed by § 344(a) violated his "constitutional rights to a charging document that sufficiently advised him of the alleged misconduct and set out the essential elements of the offense."

## III

Jones attacks the constitutionality of his theft indictment in several able and well-crafted arguments. He asserts that because of the wide diversity of elements which comprise the crime of theft under § 342, a charging document which merely states that the defendant "did steal" specified property of the named victim in violation of the statute does not sufficiently inform him of the essential elements of the crime with which he is charged. Thus, he contends, the charging document was not in compliance with the constitutional standards of Art. 21 of the Maryland Declaration of Rights and the Sixth and Fourteenth Amendments to the Federal Constitution.[6]

With numerous citations to our cases, Jones maintains that as the primary purpose of a charging document is to satisfy the constitutional right to fair notice of the charges, it must (a) characterize the offense by setting forth its essential elements and (b) advise the accused of the particular criminal conduct allegedly committed. Neither of these constitutionally mandated requirements, Jones says, is met by charging the offense of theft in the language of § 344(a). He argues that the indictment did not specify how and with what intent he "stole" the victim's property, thereby leaving him uninformed as to which subsection of § 342 was allegedly violated. Thus, Jones says that he was improperly required in preparing his defense to anticipate evidence that might, for example, show that he unauthorizedly:

"took the property perhaps intending to keep it, perhaps only to use it temporarily and then return it (Section 342(a)); that he swindled [the victim] to obtain the proper-

---

**6.** Article 21 requires that in all criminal prosecutions the accused has a right "to be informed of the accusation against him." The Sixth Amendment, applicable to the states through the Fourteenth Amendment, contains the similar requirement that an accused "be informed of the nature and cause of the accusation." *See Thanos v. State,* 282 Md. 709, 716, 387 A.2d 286 (1978); *Pearlman v. State,* 232 Md. 251, 257, 192 A.2d 767 (1963).

ty (Section 342(b));  that he acquired it by altering a label (Section 342(b));  that he possessed it knowing it had previously been stolen (Section 342(c));  and that he found it, knew it was [the victim's] and at some point intended to keep it permanently (Section 342(d))."

Jones urges that no legislative enactment can be sustained which, as with § 344(a), permits a form of indictment so abbreviated as to give no indication of the specific character of the alleged criminal act.  He argues that because criminality under the theft statute may turn on the precise means by which, or circumstances in which, the individual effectuates his intent to appropriate, the means and circumstances are themselves essential elements of the crime which must be set forth in the charging document.  Jones points out that the word "steal" in the § 344(a) short form indictment is not defined in the statute, nor is it used in § 342.  He contends that because the word has more than one meaning, it cannot by implication encompass all the essential elements of theft as delineated in § 342.  Nor, he says, does a § 344(a) charging document provide the "definite statement of the essential facts of the offense" required by Md.Rule 4–202(a) in implementation of the constitutional mandate of Art. 21 of the Declaration of Rights.

Jones advances the further contention that a § 344(a) indictment is fatally duplicitous because in a single count it disjunctively alleges many different acts, each being determinative of the character of the offense, with some of the acts being incompatible with others.  Such an indictment, it is claimed, cannot perform its essential constitutional function of informing the accused of the charges against him. Moreover, according to Jones, where there is some evidence of both prongs of a duplicitous count, a general verdict of guilty would not disclose whether the jury found the accused guilty under one prong, the other, or both, thereby depriving the accused in a future prosecution of the ability to interpose a plea of former jeopardy or collateral estoppel.

## IV

At least thirty-five states, in addition to Maryland, have enacted consolidated theft-related statutes.[7] While the provisions of these statutes vary from state to state, their purpose appears to be, as in Maryland, to create a single statutory crime encompassing various common law theft-type offenses in order to eliminate the confusing and fine-line common law distinctions between particular forms of larceny. Eleven states have enacted provisions virtually identical to those contained in § 341 of the Maryland statute;[8] they are in general conformity with § 223.1(1) of the Model Penal Code (1962).[9]

---

7. Ala.Code § 13A–8–2 (1975); Alaska Stat. § 11.46.110 (1962); Ariz. Rev.Stat.Ann. § 13–1802 (Supp.1984); Ark.Stat.Ann. § 41–2202 (1947); Cal.Penal Code § 484 (West Supp.1985); Col.Rev.Stat. § 18–4–401 (1973); Conn.Gen.Stat. tit. 53a § 119 (1985); Del.Code Ann. tit. 11 §§ 841–859 (1974); Fla.Stat.Ann. § 812.014 (West Supp.1985); Ga. Code Ann. § 16–8–2 (1984); Hawaii Rev.Stat. §§ 708–830 and 708–835 (1976); Idaho Code § 18–2401 (Supp.1984); Ill.Ann.Stat. ch. 38 § 16–1 (Smith-Hurd Supp.1984–1985); Iowa Code Ann. § 714.1 (West 1976); Kan.Stat.Ann. §§ 21–3701 to 21–3704 (1981); Ky.Rev.Stat.Ann. §§ 514.010 to 514.120; La.Rev.Stat.Ann. § 14:67 (West 1981); Me.Rev. Stat.Ann. tit. 17–A, § 351 (1964); Mass.Ann.Laws ch. 266, § 30 (Law. Co-op.1980); Minn.Stat.Ann. §§ 609.52 to 609.55 (West 1963); Mo. Ann.Stat. § 570.030 (Supp. Vernon 1985); Mont.Code Ann. § 45–6–301 (1979); Neb.Rev.Stat. § 28–510 (1979); N.H.Rev.Stat.Ann. § 637:1 (1974); N.J.Stat.Ann. § 2C:20–2 (West 1978); N.Y.Penal Law art. 155 (1984); N.D.Cent.Code § 12.1–23–01 (1976); Ohio Rev.Code Ann. § 2913.02 (Page 1982); Or.Rev.Stat. §§ 164.015 and 164.025 (1983); Pa.Cons.Stat.Ann. tit. 18, § 3902 (Purdon 1972); S.D. Codified Laws Ann. tit. 22 § 30A–15 (1979); Tex.Penal Code Ann. § 31.02 (Vernon 1980); Utah Code Ann. § 76–6–403 (1953); Wash.Rev.Code § 9A.56.-020 (1983); Wis.Stat.Ann. § 943.20 (West 1981).

8. Alaska, Arkansas, Idaho, Maine, Nebraska, New Hampshire, New Jersey, Oregon, Pennsylvania, South Dakota, and Utah.

9. "(1) *Consolidation of Theft Offenses.* Conduct denominated theft in this Article constitutes a single offense. An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this Article, notwithstanding the specification of a different manner in the indictment or information, subject only to the power of the Court to ensure fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise."

The cases indicate that an indictment or information charging the single consolidated offense need not aver the particular manner or means by which the crime was committed. The Massachusetts statute, for example, merges larceny, embezzlement and obtaining money or property by false pretenses into the single crime of larceny and provides that an indictment for the consolidated offense shall be sufficient if it alleges that the defendant "stole" the designated property of another. The Massachusetts court, in *Commonwealth v. Kelley*, 184 Mass. 320, 68 N.E. 346 (1903), held that the word "steal" in an indictment under the statute is

"a term of art, and includes the criminal taking or conversion in either of the three ways above named; and hence the indictment is sustained, so far as respects the criminal nature of the taking or conversion, by proof of any kind of larceny, embezzlement, or criminal taking by means of false pretenses. If it be objected that this construction makes the indictment so indefinite that the accused is not sufficiently informed of the nature of the charge which he is called upon to meet, the answer is that it is provided in the same statute that 'the court may, upon the arraignment of the defendant, or at any later stage of the proceedings, order the prosecution to file a statement of such particulars as may be necessary to give the defendant and the court reasonable knowledge of the nature and grounds of the' accusation...." 68 N.E. at 347.

*See also Commonwealth v. Kiernan*, 348 Mass. 29, 201 N.E.2d 504, 507 (1964), *cert. denied sub nom*, 380 U.S. 913, 85 S.Ct. 901, 13 L.Ed.2d 800 (1965).

Under the Oregon consolidated theft statute, an indictment which charges the defendant with having "knowingly, unlawfully and feloniously" committed the crime of "theft," without delineating the particular way or manner in which the theft was committed, was upheld against attack on the state constitutional ground that the accused was not informed of the nature and cause of the accusation. *See State v. Jim*, 13 Or.App. 201, 508 P.2d 462 (1973) where the

court held that "theft" alleged a single offense fully described under the consolidation statute and that consequently the defendant was adequately notified in compliance with state constitutional requirements. *See also State v. Smith,* 182 Or. 497, 188 P.2d 998 (1948); *State v. Gilbert* 281 Or. 101, 574 P.2d 313 (1978); *State v. Watts,* 60 Or.App. 217, 653 P.2d 560 (1982). Similarly, under Alaska's consolidated theft statute, an indictment which charged that the accused committed "theft" of certain property without specifying the particular manner in which the crime was committed was found not in violation of constitutional due process requirements but rather to have provided the accused with sufficient notice of the offense to inform him that he could be convicted of theft under different theories. *Williams v. State,* 648 P.2d 603 (Alaska Ct.App.1982). Under the California statute, it is not constitutionally required that the particular type of theft involved be alleged in the indictment, it being sufficient to state that the accused "unlawfully took the labor or property of another." *See People v. Anderson,* 55 Cal.2d 655, 12 Cal.Rptr. 500, 361 P.2d 32 (1961); *People v. Ashley,* 42 Cal.2d 246, 267 P.2d 271 (1954); *People v. Corenevsky,* 124 Cal.App.2d 19, 267 P.2d 1048 (1954); *People v. Ilderton,* 14 Cal.App.2d 647, 58 P.2d 986 (1936). Under Louisiana's consolidated theft statute, a short form statutory indictment alleging "theft" of property has survived a constitutional challenge that the indictment failed adequately to state or describe a specific crime. *See State v. Smith,* 210 La. 891, 28 So.2d 487 (1946); *State v. Pete,* 206 La. 1078, 20 So.2d 368 (1944). A similar result was reached in *State v. Seekford,* 638 P.2d 525 (Utah 1981), involving that state's consolidated theft statute, where the Supreme Court of Utah held that an indictment charging "theft" was constitutionally sufficient and could be supported by evidence that the crime was committed in any manner specified in the statute. Under Colorado's consolidated theft statute, an indictment was held to sufficiently apprise the accused of the nature of the offense where it alleged that he committed the crime of theft by unlawfully

stealing a thing of value of a named person. *People v. Rubanowitz,* 688 P.2d 231 (Colo.1984). *See also Edwards v. People,* 176 Colo. 478, 491 P.2d 566 (1971), holding that a theft indictment under the statute was not unconstitutional where it failed to include, as an essential element of the crime, a specific allegation of criminal intent. *See also Waldon v. State,* 394 So.2d 100 (Ala.Crim.App.1981).

The Official Comment to Arkansas' consolidated statute notes that an indictment or information need only charge the defendant with "theft," specifying additional information, such as the subject matter and victim of the theft, sufficient to fairly apprise the accused of the case against him. There is no requirement that the indictment allege the particular manner of theft. In a similar vein, the New York statute provides that in a prosecution for the consolidated offense of larceny (other than extortion), it is sufficient if the indictment alleges that the defendant "stole property of the nature or value required for the commission of the crime charged, without designating the particular way or manner in which such property was stolen or the particular theories of larceny involved." The Idaho statute is markedly similar to the New York statute.

## V

A primary purpose to be fulfilled by a charging document under Maryland law is to satisfy the constitutional requirement of Article 21 of the Declaration of Rights that each person charged with a crime be informed of the accusation against him, first, by characterizing the crime and, second, by so describing it as to inform the accused of the specific conduct with which he is charged. *Williams v. State,* 302 Md. 787, 490 A.2d 1277 (1985); *State v. Morton,* 295 Md. 487, 456 A.2d 909 (1983); *Ayre v. State,* 291 Md. 155, 433 A.2d 1150 (1981). The common law rule in Maryland, applicable in cases involving statutory short form indictments, is that a charging document must allege the

essential elements of the offense charged.[10]  *Robinson v. State,* 298 Md. 193, 468 A.2d 328 (1983); *Pearlman v. State,* 232 Md. 251, 192 A.2d 767 (1963); *Neusbaum v. State,* 156 Md. 149, 143 A. 872 (1928).  All essential elements of the crime need not, however, be *expressly* averred in the charging document; elements may be implied from language used in the indictment or information.  *Williams v. State, supra; Putnam v. State,* 234 Md. 537, 200 A.2d 59 (1964); *State v. Coblentz,* 167 Md. 523, 175 A. 340 (1934); *Bosco v. State,* 157 Md. 407, 146 A. 238 (1929); *Rice v. State,* 9 Md.App. 552, 267 A.2d 261, *cert. denied,* 259 Md. 735 (1970).  For example, in *Bosco,* an attempted bribery case, we held that scienter need not be expressly alleged in the indictment if it is necessarily implied therein from the statement of the acts which constitute the offense.  In *Coblentz,* involving a charging document for fraud, we concluded that the essential element of knowledge—that the fraudulent statements were known to be false when made—was implied from a fair reading of the language of the indictment.  We there said that "the fact that the words [of the indictment] may leave unspecified one or more essential elements of the crime" is not necessarily fatal. 167 Md. at 529, 175 A. 340.  In *Williams v. State, supra,* involving an armed robbery indictment, we noted that the averment that the defendant "did rob" the victim plainly implied that the crime was committed with the requisite intent permanently to deprive the owner of her property. Moreover, the particular conduct necessary to establish an offense, *i.e.,* the manner or means of its commission, need not be alleged as elements in the charging document.  *State v. Morton, supra; Shelton v. State,* 198 Md. 405, 84 A.2d 76 (1951); *Neusbaum v. State, supra.*

---

**10.**  The common law rule may, within constitutional constraints, be changed or modified by legislative enactment or judicial decision where it is found to be a vestige of the past, no longer suitable to the circumstances of our people.  *Felder v. Butler,* 292 Md. 174, 438 A.2d 494 (1981); *Adler v. American Standard Corp.,* 291 Md. 31, 432 A.2d 464 (1981); *Condore v. Prince George's Co.,* 289 Md. 516, 425 A.2d 1011 (1981).

In *Whitehead v. State*, 54 Md.App. 428, 458 A.2d 905 (1983), the Court of Special Appeals considered the legality of a theft indictment in the form authorized by § 344(a), *i.e.*, it charged the defendant with unlawfully stealing a specifically-described car of a named victim of a value greater than $300 in violation of § 342. It was there alleged that the indictment charged the accused with five different criminal offenses; that it failed to allege the essential elements of the offense charged; that as a consequence it failed to satisfy the requirements of Art. 21 of the Maryland Declaration of Rights "because it was insufficient to charge [the accused with] an offense, give him information necessary to enable him to prepare his defense, and to protect him from future prosecution for the same offense." 54 Md.App. at 441, 458 A.2d 905. The court held that Maryland's consolidated theft statute constitutes a single crime; that the subsections of § 342 merely specify different acts or transactions through which theft can be proved; that the means by which an offense was committed need not be set forth in an indictment; that the indictment, in effect, charged the crime of theft conjunctively by any or all of five methods, the charge being sustainable by proof that it was committed in any manner that would constitute theft under the statute; that the indictment charged the essential elements of the crime of theft as enumerated in § 342 as if the section had been set forth in full in the indictment; that such "incorporation by reference would of necessity include elements of wilfulness or knowledge," *id.* at 445, 458 A.2d 905; and that, additionally, the allegation of unlawful stealing in the theft indictment under § 344(a) "implies the essential element of scienter." *Id.* at 446, 458 A.2d 905.

■ We share the views so well expressed in *Whitehead*. The question before us is whether the indictment is constitutionally deficient, not whether it could have charged the offense with greater particularity. We think the unspecified elements of the crime of theft, as enumerated in

§ 342, are implied in the words of the statutory short form indictment. The offense is sufficiently characterized by the verbiage of § 344(a); it contains those essential allegations, either expressly or impliedly, necessary to advise the accused of the particular criminal conduct allegedly committed. Accordingly, we conclude that the short form indictment did not violate Jones' constitutional rights under either the state or federal constitutions.[11]

It is readily evident from the language of the consolidated theft statute, and from its underlying history, that the legislature made "stealing" property or services of another of a designated value a single criminal offense. Consistent with Maryland law, the legislatively approved indictment form does not require an express recital of the manner or means of committing the offense; that information, if not otherwise provided by the prosecutor, was deemed obtainable through a bill of particulars.

---

11. The constitutional sufficiency of an indictment for sixth amendment purposes, as stated by the Supreme Court in *Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417, 72 L.Ed. 861 (1932), is not determined by whether the indictment "could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged" and sufficiently apprises the defendant of what he must be prepared to meet. 285 U.S. at 431, 52 S.Ct. at 419. In *Hagner*, a mail fraud prosecution, the indictment failed to charge the element of delivery. After nothing that "[t]he rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded," *id.*, the Court held that a presumption of delivery arose from the fact that the indictment expressly alleged that the letter was placed in the post office.

*Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) involved an indictment for using the United States mails to carry obscene publications. It was there claimed that the allegation of obscenity did not adequately inform the accused of the charge. The Supreme Court concluded that the word "obscene" as used in the indictment was a "legal term of art," the meaning of which did not change with every indictment and that the term was sufficiently definite in legal meaning to give the accused notice of the charge against him. 418 U.S. at 118, 94 S.Ct. at 2908. Moreover, the Court held that the various component parts of the constitutional definition of obscenity need not be alleged in the indictment in order to establish its legal sufficiency. *Id.* at 119, 94 S.Ct. at 2908.

**340**

As we observed in *Murray v. State*, 214 Md. 383, 386, 135 A.2d 314 (1957), the word "steal" means to take property feloniously or to appropriate property without right. In common parlance, to steal is to take something that does not belong to you. To steal property is to take it with an intent to deprive the owner of the rights and benefits of ownership. *See, e.g., United States v. Turley*, 352 U.S. 407, 411, 77 S.Ct. 397, 399, 1 L.Ed.2d 430 (1957). The word denotes unlawful takings broader in scope than simple larceny. *See, e.g., Bell v. United States*, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983); *United States v. Faulkner*, 638 F.2d 129 (9th Cir.1981); *United States v. Waronek*, 582 F.2d 1158 (7th Cir.1978); *United States v. Scott*, 592 F.2d 1139, 1143 (10th Cir.1979). In the context of § 344(a), the word "steal" encompasses all categories of conduct by which theft can be committed under the five subsections of § 342. It plainly implies the element of scienter; it includes wilfulness and knowledge. To charge, as here, that the accused "did steal," on a designated date, described personal property of a named victim of a specified value is properly to characterize the crime of theft under § 342 and to sufficiently set forth those elements of the offense as fairly apprise the accused of the crime charged. In so holding, we have considered the two cases relied upon by Jones in support of his appeal. Neither of them involves a statutory short form indictment for theft, and we find the cases either inapposite or otherwise unpersuasive.[12]

In this case, unlike in *Whitehead,* no bill of particulars was provided to the accused even though one was requested. With open file discovery methods now being utilized by many prosecutors, the need for a bill of particulars in theft indictments has undoubtedly been greatly reduced. Nevertheless, in view of the statute's history, where such a bill is requested, even though open file discovery is permitted and completed, the trial judge

---

**12.** The cases are *State v. White,* 431 S.W.2d 182 (Mo.1968) and *Gorman v. State,* 634 S.W.2d 681 (Tex.Cr.App.1982).

xxxxxxxx should grant the request. Although the trial judge denied Jones' motion for a bill of particulars, it is not claimed on appeal that such action constituted reversible error. It is likely that the open file discovery permitted to Jones accomplished the same practical end as a bill of particulars; hence, we have no need here to determine whether the trial judge abused his discretion in denying the request. *See, generally, State v. Morton, supra,* 295 Md. at 494, 456 A.2d 909; *Hadder v. State,* 238 Md. 341, 209 A.2d 70 (1965); *Cohen v. State,* 235 Md. 62, 200 A.2d 368, *cert. denied,* 379 U.S. 844, 85 S.Ct. 84, 13 L.Ed.2d 49 (1964).

■ Nor is there merit in Jones' claim that the indictment was duplicitous as charging more than one offense in the same count and thus incapable of performing its constitutional function of informing the accused of the charges against him. In effect, the indictment charged the single crime of theft conjunctively, rather than disjunctively, by any or all of five different methods; the offense could be proved under the provisions of § 341 by evidence that it was committed in any manner that would constitute theft under § 342. It has been held that where a statute forbids the doing of any of several acts conjunctively, a charging document alleging more than one act in a single count is not duplicitous. *See Thanos v. State,* 282 Md. 709, 387 A.2d 286 (1978); *Bonneville v. State,* 206 Md. 302, 111 A.2d 669 (1955); *Sturgill v. State,* 191 Md. 75, 59 A.2d 763 (1948).

■ As § 342 comprises the single crime of theft, Jones is protected from further prosecution for stealing the property particularized in the indictment. Consequently, the State cannot retry him for another violation of § 342 with regard to the same property. Should the State attempt a second prosecution, Jones could effectively bar retrial by simply producing the indictment and verdict in his first trial. *State v. Morton, supra,* 295 Md. at 494, 456 A.2d 909; *Spector v. State,* 289 Md. 407, 424, 425 A.2d 197, *cert. denied,* 452 U.S. 906, 101 S.Ct. 3032, 69 L.Ed.2d 407 (1981).

JUDGMENT AFFIRMED, WITH COSTS.

COLE, Judge, concurring.

I concur in the result on the narrow ground that the statutory form for charging the offense of theft set forth in Md.Code (1957, 1982 Repl.Vol.), Art. 27, § 344(a) satisfies the constitutional notice requirements embodied in Article 21 of the Maryland Declaration of Rights. I do not, however, subscribe to the reasoning employed by the Court in reaching its conclusion. For this reason, I write separately.

In its campaign of late to reject challenges to the sufficiency of charging documents, the Court, in my judgment, has effectively ignored the constitutional right of a defendant to be informed of the accusation against him. *Williams v. State*, 302 Md. 787, 794, 490 A.2d 1277, 1281 (1985) (Cole, J., dissenting); *Hall v. State*, 302 Md. 806, 809, 490 A.2d 1287, 1288 (1985) (Cole, J., dissenting). This organic constitutional requirement, contained in both Article 21 and the sixth and fourteenth amendments of the federal Constitution, serves in part to put the defendant on notice of what he is called upon to defend by characterizing and describing the crime, and to protect the defendant from future prosecution for the same crime. *See Ayre v. State*, 291 Md. 155, 163, 433 A.2d 1150, 1155 (1981). To better understand what is and what is not involved in this case, it is necessary to contrast *Williams v. State, supra*, to the instant case.

The charging document in *Williams* purported to charge the common law offense of armed robbery by averring that the defendant "did rob" the victim of certain personal property. Although that charging document omitted the essential mental element of that offense, and despite the State's failure to comply with the statutory short form for that common law offense under § 489 of Art. 27, the majority in *Williams* nonetheless found that that indictment passed constitutional muster. The *Williams* Court based this conclusion on the theory that the "common parlance" of "did rob" inferentially supplied the missing mental element for armed robbery. In so doing, the majority in that case by judicial fiat emasculated the constitutional

notice requirements with no reasoned analysis. I continue to adhere to the views I expressed in *Williams*, but do so in the recognition that the case *sub judice* differs markedly from that in *Williams*.

Unlike the *common law* offense of armed robbery in *Williams*, this case involves the *statutory* offense of theft. In 1978, the General Assembly consolidated various common law larceny related offenses into a single offense designated as theft. *See* 1978 Md.Laws 849; *see also Sibert v. State*, 301 Md. 141, 145–46, 482 A.2d 483, 485–86 (1984) (discussing consolidated theft statute). One purpose of this consolidation was to abolish the "[p]etty distinctions which formerly provided the basis of separate and distinct crimes" so that prosecutors could use the simplified charging document form contained in § 344(a) of Art. 27. *See Revision of Maryland Theft Laws and Bad Check Laws* 30, ch. 849 of Acts of 1978, Md.Spec.Rpts. (Joint Subcommittee on Theft Related Offenses Oct. 1978) [hereinafter cited as *Maryland Revision*]. This simplified form provides:

> (a) *Indictment, information, warrant, or other charging document.*—In any indictment, information, warrant, or other charging document for theft it is sufficient to use a formula substantially to the following effect: "that A—B on the ...... day of ........., 19...., in the County (City) aforesaid, did steal (here specifying the property or services stolen) of C—D, having a value of (less than $300 or greater) in violation of Article 27, § 342, of the Annotated Code of Maryland; contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State."

In my view, the averment that the defendant "did steal" specified property of the named victim in violation of § 342 of Art. 27 sufficiently informs the defendant of the essential or material elements of the crime with which he is charged. The General Assembly is authorized to change or abrogate the common law as it may think most conducive to the general welfare, provided it does not in the process run

afoul of the federal and state constitutions. *See Attorney General v. Johnson,* 282 Md. 274, 282, 385 A.2d 57, 62, *appeal dismissed,* 439 U.S. 805, 99 S.Ct. 60, 58 L.Ed.2d 97 (1978). The General Assembly believed, and I agree, that it is unnecessary to specify in a charging document for theft any or all of the *means* by which that offense can be committed, such as (a) obtaining or exerting unauthorized control; (b) obtaining control by deception; (c) possession of stolen property; (d) obtaining control of lost, mislaid, or mistakenly delivered property; and (e) obtaining services by deception. *See* Art. 27, § 342. If the defendant desires additional facts concerning the offense, he may file a demand for a bill of particulars in accordance with former Md.Rule 730 a (now Md.Rule 4–241(a)). The legislature contemplated such a course of action in its report, observing that "because of the wide diversity of the aspects which are included within the crime of theft, the prosecution will undoubtedly be required to furnish the defendant with a bill of particulars." *Maryland Revision, supra,* at 57. I therefore find no constitutional impediment to § 344(a) of Art. 27.