MICHAEL ALLEN BROWN *v.* STATE OF MARYLAND

[No. 146, September Term, 1979.]

*Decided November 7, 1979.*

The cause was argued before GILBERT, C. J., and MORTON and WILNER, JJ.

*Arthur A. DeLano, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Deborah K. Handel, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, F. Ford*

*Loker, Assistant Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* and *William Roessler, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

Almost everyone has experienced the use of the wrong word at the wrong time and in the wrong place. Often the misuse slides glibly by unnoticed. On other occasions the slip of the lip seemingly hovers over our heads, drenched by search lights, and then plops down around our necks. This appeal deals with the latter, not the former.

Michael A. Brown was convicted of second degree murder by a jury in the Circuit Court for Anne Arundel County. On appeal he assails that judgment on two grounds:

1) The indictment failed to allege murder; and
2) The evidence adduced at trial was insufficient to sustain the conviction.

The State counters Brown's onslaught by contending:

1) The alleged insufficiency of the indictment was not properly raised in accordance with Md. Rule 736;
2) Even if the insufficiency was properly raised, it did charge the appellant with murder; and
3) The evidence was sufficient to sustain the jury's verdict.

For reasons that will become crystalline to the reader, we do not reach the issue of sufficiency of the evidence. It follows then that our recitation of the factual predicate will be severely limited.

## THE INDICTMENT.

Brown asseverates that the indictment upon which he was tried was insufficient to charge the crime of murder. As returned by the Grand Jury for Anne Arundel County on

August 15, 1978, the indictment was worded, in pertinent part, as follows:

> "THE GRAND JURY, for the State of Maryland, sitting in Anne Arundel County, upon their oaths and affirmations, charge that MICHAEL ALLEN BROWN, Defendant, did unlawfully, willfully, deliberately and with· premeditation kill and slay George Wesley Jones on or about the twenty-second (22nd) day of July, 1978, in Anne Arundel County (Article 27, Section 407) MUR ¶ 1"

The case proceeded to trial on October 17, 1978, without challenge to the indictment's phraseology and legal effect. At the close of the State's evidence, Brown's then counsel raised, *inter alia,* a contention that the indictment was defective. In the course of his argument, counsel said to the trial judge:

> "[A]t this point in time since the State has rested the defense will make a motion for judgment of acquittal. The indictment as laid and as read by the Clerk at the outset of the trial charges, and if I can find my copy, I would like to read it again. The defendant is charged in the following language: 'The Grand Jury for the State of Maryland, sitting in Anne Arundel County, upon their oaths and affirmations, charge that Michael Allen Brown, defendant, did unlawfully, willfully, deliberately and with premeditation kill and slay George Wesley Jones on or about the 22nd day of July, 1978.' This indictment charges the crime of manslaughter, and manslaughter only. And the State is laboring under the misapprehension that this indictment charges murder. It doesn't. It charges manslaughter and manslaughter, only. . . ."

The State, relying upon the defense attorney's assertion, contends that the defect, if any, should have been asserted in accordance with Md. Rule 736. Alternatively, the State suggests that the indictment substantially complies with Md. Ann. Code art. 27, § 616, and, as such, is sufficient to charge murder.

Md. Rule 736 provides in pertinent part:

> "a. *Mandatory motions.* — A motion asserting one of the following matters shall be filed in conformity with this Rule. Any such matter not raised in accordance with this Rule is waived, unless the court, for good cause shown, orders otherwise:
>
> . . . .
>
> 2. A defect in the charging document, other than its failure to show jurisdiction in the court or to charge an offense which defenses can be noticed by the court at any time;
>
> . . . .
>
> b. *Time for filing mandatory motions.* — A motion filed pursuant to §a of this Rule shall be filed within thirty days after the earlier of the appearance of counsel or the first appearance of the defendant before the court pursuant to Rule 723. . . ."

The indictment was handed down by the Grand Jury on August 14, 1978. Brown appeared in court for arraignment on August 28, 1978. Counsel for Brown entered appearance on September 11, 1978.

Manifestly, the appellant's objection was not raised within the thirty day limit of Md. Rule 736 b. The State contends that the issue of whether the indictment properly alleged the offense of murder was not raised in accordance with Rule 736 b and must, therefore, be deemed to have been waived. In short, the State is of the mind that the issue now raised by appellant is not properly before us.

We do not read the indictment in the same light as the State or appellant's trial counsel. We think, as the State asserts in its brief in conjunction with its alternative argument, that the inclusion in the indictment of the words "with premeditation" and "deliberately" precludes a construction that the indictment charges manslaughter.[1] In our view the

---

1. Voluntary manslaughter is by definition the hot-blooded, unintentional killing in response to adequate legal provocation, without time for the passion of the reasonable man to subside. Bateman v. State, 10 Md. App. 630, 638, 272 A.2d 64, 68, *cert. denied,* 261 Md. 721 (1971). Involuntary manslaughter, having no application to the facts of this case, we do not define.

indictment alleges either murder or homicide, the latter not constituting an offense. If the indictment charges no cognizable offense, then the question of jurisdiction arises. Jurisdiction, of course, may be raised at any time. *Phenious v. State,* 11 Md. App. 385, 274 A.2d 658, *cert. denied,* 262 Md. 748 (1971). Patently, the question then becomes whether the indictment alleges the accused committed the felony of murder.

The appellant avers that the indictment in the matter *sub judice* fails to impute murder. Specifically, he alleges that the failure by the State to include in the indictment the words "murder" and "malice aforethought," or verbiage of similar import, is fatal to that instrument's validity. The phrase, "unlawfully, willfully, deliberately, and with premeditation did kill and slay," is, Brown continues, not synonymous with murder and malice.

The General Assembly, through Laws 1906, ch. 248, enacted what is also codified as Md. Ann. Code art. 27, § 616, which provides:

> "In any indictment for murder or manslaughter, or for being an accessory thereto, it shall not be necessary to set forth the manner or means of death. It shall be sufficient to use a formula substantially to the following effect: *'That A.B., on the . . . . . . . day of . . . . . . . . nineteen hundred and . . . . . ., at the county aforesaid, feloniously (wilfully and of deliberately premeditated malice aforethought) did kill (and murder) C.D. against the peace, government and dignity of the State.'* " [2]

Prior to the passage of the statutorily suggested form of indictment, the sufficiency of the charging document was governed by the standards developed at common law. The action of the legislature did not preempt the usage of the

---

2. Although there have been subsequent amendments to section 616 because of the controversy surrounding the death penalty, the only change in formula was the requirement added by Laws 1963, ch. 558, § 7, that the indictment conclude with the phrase "against the peace, government and dignity of the State." Williamson v. State, 282 Md. 100, 109, 382 A.2d 588, 593 (1978).

common law form of indictment, but "merely furnishe[d] a statutory form which may, but need not, be used in lieu of the common law forms." *Wood v. State,* 191 Md. 658, 667, 62 A.2d 576, 580 (1948). The language employed by the Grand Jury is sufficient if it complies with either of the alternative forms.

The indictment in the instant case would be fatally defective at common law. Sir William Blackstone observed in 4 Commentaries, * 307, that "[i]n indictments for murder it is necessary to say that the party indicted *'murdered'* not 'killed' or 'slew'. . . ." (Emphasis supplied.) *See also* 2 Hale, *Historia Placitorum Coronae* (History of the Pleas of the Crown) 186 (1st Am. ed. 1847).

In *Neusbaum v. State,* 156 Md. 149, 155, 143 A. 872, 875 (1928), the Court of Appeals noted that:

> "At common law it was essential that the indictment should show the name of the person charged, the name of the person killed, the jurisdiction within which and the time at which the homicide occurred, that it was felonious and such of the facts and circumstances incident to the crime as were reasonably necessary to identify it, and to enable the court to see whether a crime had been committed as charged."

Inasmuch as the indictment now before us omits both the specific terms "murder" and "with malice aforethought," as well as the factual allegations necessary at common law, it fails to meet common law standards.

While the adoption of the statutory form of indictment eroded most of the technical niceties which were required at common law, it did not dispense with the requirement that the charging document contain the essential elements of the crime. *Neusbaum v. State, supra,* 156 Md. at 158, 143 A.2d at 876. The Court of Appeals, in *Wood v. State, supra,* made clear that malice [3] must be alleged in the statutory formula,

---

3. We, at this point, drop the "aforethought" from our discussion since, as we observed in Smith v. State, 41 Md. App. 277, 398 A.2d 426 (1979), that " '[t]he word aforethought is today an absolutely useless appendage on our law.' " *See also* Evans v. State, 28 Md. App. 640, 695, 349 A.2d 300, 335 (1975), *aff'd,* 278 Md. 197 (1976).

stating, "[W]e think the correct explanation of the parentheses is that they were intended to indicate how the indictment is designed to cover murder in the first or second degrees [by inclusion thereof], or manslaughter." 191 Md. at 667, 62 A.2d at 580.

Although malice must be alleged, that exact word need not be used. Recent cases have made pellucid that *substantial* compliance with the statutory formula is all that is mandated. *Ward v. State,* 284 Md. 189, 396 A.2d 1041 (1978); *Williamson v. State, supra; Smith v. State, supra.*

The State suggests that the indictment returned by the Grand Jury "includes all of the elements of first degree murder (the Art. 27, § 407 variety)" and, thus, substantially complies with Md. Ann. Code art. 27, § 616. To demonstrate the equivalence of the terms in the indictment with "malice," the State resorts to the following formula:

| "DEFINITION OF MALICE | TERMS OF INDICTMENT |
|---|---|
| 1. The intention of doing a particular act. | Willfully |
| 2. The absence of justification or excuse. | Unlawfully |
| 3. The absence of mitigating circumstances. | With pre-meditation, deliberately" [4] |

We, however, are unable to agree with the State that the "sums" on each side of the equation are in balance.

In *Gladden v. State,* 273 Md. 383, 387, 330 A.2d 176, 178 (1974), the Court of Appeals, speaking through Judge O'Donnell, said:

"For a homicide to be 'wilful' there must be a specific purpose and design to kill; to be 'deliberate' there must be a full and conscious knowledge of the purpose to kill; and to be 'premeditated' the design to kill must have preceded the killing by an

4. The State draws its definition of malice from our opinion in Evans v. State, *supra,* 28 Md. App. at 678, 349 A.2d at 340.

appreciable length of time, that is, time enough to be deliberate." (Citations omitted.)

Judge Moylan, speaking for this Court in *Smith v. State, supra,* 41 Md. App. at 307, 398 A.2d at 443, observed that "[t]here is a circular quality to the threesome [willful, deliberate, and premeditated]. They define themselves in terms of each other." The trilogy of terms connotes the same general idea — the intention to kill. The use of all three words seems to us to serve no purpose other than to shroud the intention in an aura of redundancy so as to convey the seriousness of the matter. *See Smith v. State, supra,* 41 Md. App. at 308, 398 A.2d at 444.

To the words "willfully, deliberately, and with premeditation," the indictment added the adverb "unlawfully," which has been defined to mean "illegally; wrongfully," *Black's Law Dictionary* 1784 (3rd ed. 1933), and was apparently intended to take the place of the word "feloniously."

Missing from the indictment is that indispensable ingredient of murder — malice. *Gladden v. State, supra,* 273 Md. at 388, 330 A.2d at 179. Malice, which may be express or implied, has been defined as meaning "the *intentional* doing of a *wrongful* act to another without legal excuse or justification." *Gladden v. State, supra,* 273 Md. at 388, 330 A.2d at 179. *See also Chisley v. State,* 202 Md. 87, 105, 95 A.2d 577, 585 (1953); *Lindsay v. State,* 8 Md. App. 100, 104, 258 A.2d 760, 763 (1969), *cert. denied,* 257 Md. 734 (1970). (Emphasis supplied.)

When we compare the State's equation as set out above with *Gladden,* we observe that the equation fails to negate a legal excuse or justification for the slaying. That omission is mortal.

The indictment, as framed, did not charge murder, which would have allowed four possible verdicts,[5] including that of guilty of murder in the second degree. Instead, it alleged that

5. The four possible verdicts were:
   1. Murder in the first degree.
   2. Murder in the second degree.
   3. Manslaughter.
   4. Not guilty.

the appellant committed an act of homicide in that he "did kill and slay." There are no degrees of "kill and slay." Homicide, *per se,* is not punishable at law as a crime. *Ergo,* the indictment did not charge a crime. It follows, from what we have said, that the appellant has been convicted on an indictment that failed to allege a cognizable offense.

*Judgment reversed.*
*Pursuant to Md. Rule 1082 f, costs*
*are not reallocated.*