490 A.2d 1287

**Gary Harrison HALL**

v.

**STATE of Maryland.**

**No. 44, Sept. Term, 1984.**

Court of Appeals of Maryland.

April 24, 1985.

John L. Kopolow, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Stephanie J. Lane, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the brief), for appellee.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

MURPHY, Chief Judge.

Maryland Code (1982 Repl.Vol.), Article 27, § 36(a) provides in relevant part that

"[e]very person who shall wear or carry any dirk knife, bowie knife, switchblade knife, sandclub, metal knuckles, razor, nunchaku, or any other dangerous or deadly weapon of any kind, whatsoever (*penknives without switchblade and handguns, excepted* ) concealed upon or about his person ... shall be guilty of a misdemeanor...." (Emphasis supplied.)

The appellant was charged under this statute in the Circuit Court for Baltimore City upon the following indictment:

"The Jurors of the State of Maryland, for the body of the City of Baltimore, do on their oath present that GARY HARRISON HALL late of said City, on the 19th day of September, in the year of our Lord nineteen hundred eighty-one, in the City aforesaid, unlawfully did wear and carry concealed upon and about his person a certain dangerous and deadly weapon, to wit: a knife, contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State. (Carrying Concealed Weapon— Art. 27, Sec. 36)."

The appellant made no objection at or during trial to the sufficiency or form of the charge contained in the indictment. He was convicted of the offense and appealed, contending that the indictment was defective for failure to allege an offense in that it omitted an essential ingredient of the crime, namely, that the knife was not within the exception stated in the statute, i.e., that it was not a penknife without switchblade. The Court of Special Appeals affirmed the judgment. *Hall v. State*, 57 Md.App. 1, 468 A.2d 1015 (1983). It concluded that the omission of the penknife exception from the indictment did not result in its failure to charge an offense in view of the provisions of Maryland Rule 711 d (now Md.Rule 4–202(d)) that a charging document "need not negate an exception, excuse or proviso contained in a statute ... creating or defining the offense charged."

The appellant argues before us that under *Mackall v. State*, 283 Md. 100, 387 A.2d 762 (1978), the penknife exception is an essential ingredient of the statutory crime and consequently its omission from the indictment rendered the charging document void for failure to state an offense. He claims that Rule 711d is limited in application to those exceptions, excuses and provisos that are not elements of the offense but rather matters of defense. He contends that the constitutional mandate of Article 21 of the Maryland Declaration of Rights requires that all elements of the offense be included in the charging document and that the

rule therefore cannot be interpreted in contravention of the constitutional provision.

As we observed in *Williams v. State*, 302 Md. 787, 490 A.2d 1277 (1984), Maryland Rule 736 a (now Md.Rule 4–252(a)) requires that a motion claiming a non-jurisdictional defect in a charging document must be timely raised prior to trial or it is waived. We think the averments of the indictment in this case that the appellant did wear and carry concealed upon his person a dangerous and deadly knife in violation of § 36(a) sufficiently characterized the statutory crime charged so that the indictment was not defective for failure to charge an offense within the jurisdiction of the circuit court. As the appellant made no pretrial motion to dismiss the indictment, we need not determine whether the indictment was defective on a non-jurisdictional ground.

JUDGMENT AFFIRMED, WITH COSTS.

COLE, Judge, dissenting.

Gary Harrison Hall was convicted of violating Md.Code (1957, 1982 Repl.Vol., 1984 Cum.Supp.), Art. 27, § 36(a),[1]

---

1. This statute provides in full:

   (a) *Carrying concealed or openly with intent to injure; carrying by persons under eighteen at night in certain counties.*—Every person who shall wear or carry any dirk knife, bowie knife, switchblade knife, sandclub, metal knuckles, razor, nunchaku, or any other dangerous or deadly weapon of any kind, whatsoever (*penknives without switchblade and handguns, excepted*) concealed upon or about his person, and every person who shall wear or carry any such weapon, chemical mace or tear gas device openly with the intent or purpose of injuring any person in any unlawful manner, shall be guilty of a misdemeanor, and upon conviction, shall be fined not more than $1,000 or be imprisoned in jail, or sentenced to the Maryland Department of Correction for not more than three years; and in case of conviction, if it shall appear from the evidence that such weapon was carried, concealed or openly, with the deliberate purpose of injuring the person or destroying the life of another, the court shall impose the highest sentence of imprisonment prescribed. In Cecil, Anne Arundel, Talbot, Harford, Caro-

which prohibits the carrying of certain knives or any other dangerous or deadly weapon (except a penknife without switchblade) concealed upon or about the person. The indictment did not allege that the knife carried by Hall was not within the statutory exception, that is, the knife was not a penknife without switchblade. Hall contended before the Court of Special Appeals that this defect was fatal because the indictment omitted an essential or material element of the crime described in § 36(a). The intermediate appellate court rejected Hall's contention, holding that a charging document does not have to negate a statutory exception. *Hall v. State*, 57 Md.App. 1, 468 A.2d 1015 (1983) (2–1 decision). In reviewing Hall's case, the majority holds that the indictment was sufficient to characterize the crime, and that because Hall failed to file a pretrial motion to dismiss the indictment, this Court need not determine whether the indictment was defective on a non-jurisdictional ground.

I dissent for reasons stated in my dissent in *Williams v. State*, 302 Md. 787, 794, 490 A.2d 1277, 1281 (1985) (Cole, J., dissenting). It is clear to me that the statute excepts "penknifes without switchblades." Therefore, to charge properly an offense under this statute, the indictment must particularly describe the weapon involved or state the statutory exception. To do neither is to state no cognizable charge because one of the essential or material elements is missing.

I would reverse Hall's conviction.

---

line, Prince George's, Montgomery, St. Mary's, Washington, Worcester, Kent, and Baltimore counties it shall also be unlawful and a misdemeanor, punishable as above set forth, for any person under eighteen years of age to carry any dangerous or deadly weapon, other than a handgun, between one hour after sunset and one hour before sunrise, whether concealed or not, except while on a bona fide hunting trip, or except while engaged in or on the way to or returning from a bona fide trap shoot, sport shooting event, or any organized civic or military activity. [Emphasis supplied.]