493 A.2d 1073

**Harry Francis DELCLEF**

**v.**

**STATE of Maryland.**

**No. 75, Sept. Term, 1984.**

Court of Appeals of Maryland.

June 12, 1985.

Alan H. Murrell, Public Defender, Julia Doyle Bernhardt and John L. Kopolow, Asst. Public Defenders, Baltimore, for appellant.

Stephen H. Sachs, Atty. Gen. and Diane G. Goldsmith, Asst. Atty. Gen., Baltimore, for appellee.

Submitted to MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

MURPHY, Chief Judge.

We granted certiorari, 300 Md. 386, 478 A.2d 712 (1984) to consider whether use of the statutory short form indictment for theft prescribed by Maryland Code (1957, 1982 Repl. Vol.), Article 27, § 344(a) violated the petitioner Delclef's claimed constitutional right to a charging document that sufficiently advised him of the alleged misconduct and set forth the essential elements of the offense.

I

On April 20, 1982, John Neteler, the proprietor of an automobile used car and repair shop business, discovered

that a green Volkswagon bus, which he owned, was missing from his lot. Shortly thereafter, the petitioner Delclef was observed in possession of the vehicle. It had been painted black, the back seats were missing, the radio had been replaced and the vehicle serial numbers had been removed from the front of the windshield.

Delclef was charged in the Circuit Court for Baltimore City with theft in violation of § 342 of Art. 27 in the form of indictment prescribed by § 344(a); it was alleged that on April 20, 1982, Delclef

"did unlawfully steal property and services, of Netelers Used Cars, John Ensweler Agent, Finksburg, Maryland, of the value of more than $300.00 current money, to wit: One 1971 Volkswagon bus, VIN # 2212136295, in violation of Article 27, Section 342 of the Annotated Code of Maryland, contrary to the form of the Act of Assembly, in such case made and provided, and against the peace, government and dignity of the State."

Delclef moved to dismiss the indictment on the ground that it failed to allege the elements of the offense and adequately to inform him of the charge against him. The court denied the motion. Delclef thereafter filed a motion for a bill of particulars, demanding, among other things, that the State set forth "the exact way and manner in which the defendant was allegedly involved and exactly how he actually committed such acts in ... said indictment." The State refused to furnish the particulars on the ground that it had already provided Delclef with the functional equivalent of the particulars through pretrial discovery. The trial court declined to order the State to furnish the particulars. On the same date, defense counsel agreed that he had received the "functional equivalent" of the demanded particulars through pretrial discovery. Delclef was tried and convicted by a jury for theft.

The Court of Special Appeals affirmed the conviction in an unreported opinion. It noted that under § 342 of Art. 27

"theft" is a single crime, its five subsections delineating manners or methods by which the crime may be committed. It reasoned, therefore, that the effect of the indictment was to charge theft by any or all of the five methods. It concluded that there is no constitutional requirement that the means by which an offense is committed be set forth in the indictment. With regard to the demanded particulars, the court noted that Delclef was bound by the admission of his attorney that, in actuality, he had received the "functional equivalent" of a bill of particulars and consequently the trial court's denial did not constitute reversible error.

## II

In *Jones v. State*, 303 Md. 323, 493 A.2d 1062 (1985) we found no merit in an identical constitutional challenge to the statutory form of charging document for the crime of theft, as authorized by § 344(a) of Article 27. For reasons set forth in that opinion, we affirm the judgment.

JUDGMENT AFFIRMED, WITH COSTS.

COLE, Judge, concurring.

I concur in the result in this case for the reasons stated in my concurring opinion in *Jones v. State*, 303 Md. 323, 342, 493 A.2d 1062, 1071 (1985) (Cole, J., concurring).